PER CURIAM.
Sidney Johnekins appeals the denial of his rule 3.850 motion for post-eonviction-relief in which he raised an ineffective assistance of counsel claim. Because the record does not conclusively refute Johne-kins’ claim, we reverse the order denying his rule 3.850 motion, and remand for an evidentiary hearing.
In support of his post-conviction motion, Johnekins argued that his trial counsel rendered ineffective assistance because he failed to convey to him the State’s 21 month pre-trial offer. During pre-trial hearing held on October 17, 2000, Johne-kins’ trial counsel -stated-that “[t]he last time the State offered 21 months I was not able to convey it to him. The State is saying it is not available now.” Defense counsel’s notes reflected “State not ready, 21 months.” The trial court could hot recall whether the State had offered any plea, but the court asked defense counsel for a date on which the State might have offered a plea. Defense counsel offered August 21, 2000 and February 29, 2000. It is unclear from the record whether the trial court referred to the August calendar. A review,of the transcript of the August 21, 2000 hearing, however, does not show that the State made a plea offer. The February record was not readily available for the trial court’s review, and the State has not filed a transcript of the February 29, 2000 hearing in this Court.
Where the record does not conclusively refute the claims raised in a 3.850 motion, the appropriate remedy is to reverse the denial of the motion and remand for an evidentiary hearing or other appropriate relief. See Gomez v. State, 832 So.2d 793, 794 (Fla. 3d DCA 2002). See also Fla. R.App. P. 9.141(b)(2)(D). Accordingly, we reverse the denial of Johnekins’ rule 3.850 motion, and remand for an evidentiary hearing on.his motion.
Reversed and remanded.