832 So.2d 793 (2002)
Pablo Ivan GOMEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D02-1063.
District Court of Appeal of Florida, Third District.
September 18, 2002.
Rehearing and Rehearing Denied December 20, 2002.
*794 Pablo Ivan Gomez, in proper person.
Robert A. Butterworth, Attorney General, for appellee.
Before JORGENSON, COPE and GODERICH, JJ.
Rehearing and Rehearing En Banc Denied December 20, 2002.
PER CURIAM.
Pablo Ivan Gomez appeals an order denying his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. We affirm in part and reverse in part.
Defendant-appellant Gomez alleges that he was offered a favorable plea bargain of three to four years in circuit court case number 97-39198, and seven years in circuit court case number 93-28897. He asserts that his defense counsel advised him to reject the offer, because defense counsel assured him that a pending motion to suppress evidence would be successful. The defendant says that he turned down the plea offer but the motion to suppress, heard in 1998, was unsuccessful. Gomez v. State, 748 So.2d 352 (Fla. 3d DCA 1999).
In 1999, the defendant entered into a plea bargain for seven years incarceration in the 1997 case and seventeen years in the 1993 case. He maintains that his counsel rendered ineffective assistance by advising him to reject the original plea bargain.
Because the present record does not conclusively refute the defendant's claim, see Fla. R.App. P. 9.141(b)(2)(D), we reverse this part of the order denying the Rule 3.850 motion and remand for an evidentiary hearing or other appropriate relief. See Brown v. State, 787 So.2d 170 (Fla. 2d DCA 2001); Garcia v. State, 736 So.2d 89 (Fla. 4th DCA 1999). See generally Cottle v. State, 733 So.2d 963 (Fla. 1999); State v. Moses, 682 So.2d 595 (Fla. 3d DCA 1996).
We affirm the denial of postconviction relief on the defendant's remaining points.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.[*]
NOTES
[*] Although the defendant attempted to file the Rule 3.850 motion in both his 1993 and 1997 cases, through a combination of clerical errors it appears the motion was filed only in the 1993 case and not in the 1997 case. We treat the motion and order as having been filed in both cases, and this court's remand for further proceedings covers both cases.