861 So.2d 483 (2003)
Jack SHARPE, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D02-3474.
District Court of Appeal of Florida, Third District.
November 26, 2003.
Abe Bailey, Miami, for appellant.
Charles J. Crist, Jr., Attorney General, and Mark Rosenblatt, Assistant Attorney General, for appellee.
Before COPE, LEVY and GODERICH, JJ.
COPE, J.
Jack Sharpe appeals an order denying his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, which was entered after an evidentiary hearing. We affirm.
Defendant-appellant Sharpe was convicted of burglary of an unoccupied dwelling. He was adjudicated a habitual offender and sentenced to five years incarceration.
On his postconviction motion, the evidence showed that prior to trial the defendant was offered a plea bargain of twenty-seven months. He testified that defense counsel told him the prosecution had a weak case, that the defense could win the case at trial, that his maximum exposure was a misdemeanor sentence for trespass, and that he should reject the plea bargain.
Defense counsel was an experienced trial attorney who had represented defendants in approximately seventy-five to eighty previous trials. He testified that in this case the defendant maintained his innocence of the charges. Defense counsel told the defendant that the plea offer was reasonable; that trial would expose the defendant to a risk of habitualization and a maximum sentence of thirty years; that the defense had a strong position; and that under the facts of the case, the outcome *484 could go either way. Counsel said he did not make a specific recommendation whether the defendant should accept or reject the plea bargain. Instead, he outlined the defendant's options and left the decision up to the defendant. The trial judge who conducted the evidentiary hearing was the same trial judge who had presided at the defendant's criminal trial, and remembered the case. In the trial court's oral pronouncements, the court agreed with defense counsel's assessment that the verdict in the case could have gone either way. The court resolved the material disputes in the testimony in favor of defense counsel. The court rejected the defendant's claim that defense counsel recommended that the defendant go to trial. The court accepted defense counsel's testimony that he advised the defendant of his options, and left the decision to the defendant. R. 104-05.
The trial court concluded that the defendant "has not demonstrated that his attorney fell below an objective standard of reasonableness." R. 63. Thus, the defendant failed to satisfy the test for making a claim for ineffective assistance of trial counsel. See Strickland v. Washington, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The court's findings are supported by the record and we affirm on that basis.
Because the trial court's factual findings are dispositive, we need not reach the trial court's alternative rejection of the defendant's claim on authority of Gonzales v. State, 691 So.2d 602 (Fla. 4th DCA 1997). Gonzales takes the position that there can be no such thing as ineffective assistance of counsel where counsel recommends that a defendant reject a favorable plea offer and proceed to trial, so long as counsel has informed the defendant of the maximum sentence the defendant faces. Id. at 603-04. The court reasoned that since juries are unpredictable, it follows that an attorney's advice to a client to reject a plea offer and proceed to trial is not "capable of being evaluated by any `objective' standard of reasonableness as contemplated by Strickland." Id. at 604.
We have taken the opposite position in this district. See Gomez v. State, 832 So.2d 793 (Fla. 3d DCA 2002). There a defendant turned down a favorable plea offer because of allegedly ineffective advice that the defense would win a pending motion to suppress evidence. We held the defendant was entitled to an evidentiary hearing on the claim of ineffective assistance.
As we view the matter, the decision in Strickland v. Washington supplies the framework for analysis of claims of ineffective assistance of counsel. While the Strickland decision is highly deferential to decisions made by counsel, they are subject to review if they fall outside Strickland's expansive boundaries. See Strickland, 466 U.S. at 689, 104 S.Ct. 2052. We do not understand Strickland and its progeny to contain a "take it to trial" exemption. "In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." Strickland, 466 U.S. at 688, 104 S.Ct. 2052.
While we doubt that Gonzales is correctly decided, that is immaterial in this case, given that under the trial court's factual findings, the defendant is not entitled to relief.[*]
Affirmed.
NOTES
[*] This court has previously cited Gonzales, but not for the proposition we address here. See Varela v. State, 711 So.2d 1343 (Fla. 3d DCA 1998).