909 So.2d 521 (2005)
Phillip DINES, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-4116.
District Court of Appeal of Florida, Second District.
August 26, 2005.
CASANUEVA, Judge.
Phillip Dines appeals the summary denial of his motion for postconviction relief filed in accordance with Florida Rule of Criminal Procedure 3.850, alleging six claims of ineffective assistance of counsel. The postconviction court summarily denied the motion, concluding that all his claims were refuted by the record. We affirm the postconviction court's order in part but point out that the postconviction court rejected Mr. Dines' first claim for the wrong reason. We also reverse the denial of Mr. Dines' fifth claim and remand for an evidentiary hearing.
Mr. Dines' first claim asserts that his counsel was ineffective for misinforming *522 him about his potential prison exposure. More specifically, Mr. Dines alleges that counsel told him that the State offered a plea bargain of five years' incarceration for burglary, one of three charges he faced. Minutes later, counsel communicated another plea offer for a three-year prison term. He further alleges that his counsel advised that the burglary charge could be successfully defended. Counsel then advised Mr. Dines, that if he won that acquittal, he could enter a plea to the remaining two charges of dealing in stolen property, for which he would receive county jail time only. Based on this advice, Mr. Dines rejected each plea offer. Following a jury trial, Mr. Dines was convicted of burglary and sentenced to ten years' imprisonment. Concurrent ten-year sentences were also imposed for each dealing count.
In summarily denying Mr. Dines' claim for postconviction relief, the postconviction court relied upon the transcript of the sentencing hearing to refute his allegations. The transcript reveals that the State advised the trial court that it offered ten years' imprisonment, not five or three. Following review of the transcript, the postconviction court noted that Mr. Dines' counsel acknowledged receipt of that ten-year plea offer.
Although the postconviction court properly rejected Mr. Dines' claim, its rationale was incorrect. It should have deemed the claim facially insufficient. The standards for an ineffective assistance of counsel claim are explicated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which was adopted in Florida in Downs v. State, 453 So.2d 1102 (Fla.1984). To succeed on a Strickland claim, the defendant must establish deficient performance on the part of the defense counsel and, as a result of the substandard performance, that the defendant was prejudiced.
In Cottle v. State, 733 So.2d 963 (Fla. 1999), our supreme court recognized that defense counsel has a duty to inform the client of all plea offers. When that duty is breached, it follows "that an inherent prejudice results from a defendant's inability, due to counsel's neglect, to make an informed decision whether to plea bargain." Id. at 969. The point here is not whether Mr. Dines' counsel correctly communicated the various plea offers of ten or five or three years. The focus is only on Mr. Dines' motion, which states that his counsel communicated two offers to him. The thrust of Mr. Dines' claim is that he received a greater sentence because he rejected both lower sentences that were offered. Without more, this is not a facially sufficient claim because no deficiency in counsel's performance is asserted.
In Gonzales v. State, 691 So.2d 602 (Fla. 4th DCA 1997), the Fourth District considered an allegation that counsel was ineffective in advising the defendant to reject a plea offer of five years for a charge of aggravated assault on a law enforcement officer. The defendant did not claim that he was not told about the plea offer or that he was misadvised about his possible sentence, but rather that counsel was ineffective because she recommended that he go to trial. Recognizing that predicting results in criminal cases is difficult, particularly because of the uncertainty of what a particular jury might do in a given case, the Fourth District concluded that an allegation that counsel is ineffective because counsel advised the client to proceed to trial is akin to a tactical or strategic decision. "Just as good lawyers can disagree on trial tactics, they can also disagree on whether to advise a client to go to trial." Id. at 603. Accordingly, such an allegation *523 cannot form the basis for postconviction relief.
A criminal defense lawyer must make countless decisions regarding all legal facets of the proceedingfor example, counsel must understand whether proposed evidence will be admissible and how much weight it will carry, whether to call or how to examine certain witnesses, or whether to raise certain legal issues. However, the defendant alone can make the decision to enter a plea. Our rules of criminal law and procedure recognize and insure that a plea be knowingly given before it is accepted. See Fla. R.Crim. P. 3.170(k). Strickland requires that counsel be familiar with the facts of the case and the applicable law. A counsel so informed will be effective in discussing the benefits and detriments of the client's decision to accept or reject a plea offer. Cf. Perez v. State, 893 So.2d 629 (Fla. 3d DCA 2005) (reversing the summary denial of postconviction relief and remanding for an evidentiary hearing on the defendant's claim that counsel's advice to reject the plea was incompetent in view of the substantial evidence against him).
To state a claim under Strickland, the defendant must assert more than merely that counsel advised against accepting a plea, that the defendant took the advice, and that ultimately a greater sentence was imposed. On its face, such an allegation identifies no failing on counsel's part. Rather, some specific deficiency must be alleged: for instance, that counsel advised the client to reject the plea without preparing or knowing the operative facts of the case, or that counsel neglected to identify the material legal issues, or that counsel otherwise did not fully perform as a lawyer. Mr. Dines has made no such allegation; thus, his first ground failed to state a facially sufficient claim.
In his fifth claim, Mr. Dines alleges that his trial counsel failed to object to various impermissible questions and comments presented by the State. The postconviction court properly denied relief as to all allegations except one. Mr. Dines alleges that his trial counsel was deficient for failing to object when the State introduced evidence from a pawn shop owner that had been excluded during the State's case-in-chief because of a Richardson[1] violation. After Mr. Dines testified in his own defense, the State recalled the pawn shop owner, who related the excluded testimony and thereby contradicted Mr. Dines' testimony. In denying relief on this claim, the postconviction court reasoned that trial counsel was not ineffective for failing to object because the excluded statement was properly available as rebuttal evidence.
The postconviction court incorrectly concluded that the State was permitted to use testimony previously stricken based on a Richardson violation to rebut Mr. Dines' testimony. Once evidence is excluded in a Richardson hearing, it cannot be admitted for any reason, not even as impeachment or rebuttal evidence. Lowery v. State, 610 So.2d 657, 660 (Fla. 1st DCA 1992). Mr. Dines' allegation on this issue merits an evidentiary hearing.
Affirmed in part, reversed in part, and remanded.
ALTENBERND and WHATLEY, JJ., Concur.
NOTES
[1] Richardson v. State, 246 So.2d 771 (Fla.1971).