991 So.2d 835 (2008)
Thomas J. MORGAN, Petitioner,
v.
STATE of Florida, Respondent.
No. SC06-2350.
Supreme Court of Florida.
July 10, 2008.
Rehearing Denied September 19, 2008.
*836 Bruce S. Rogow and Cynthia E. Gunther of Bruce S. Rogow, P.A., Fort Lauderdale, FL, for Petitioner.
Bill McCollum, Attorney General, Tallahassee, FL, Celia Terenzio, Senior Assistant Attorney General, Bureau Chief, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, FL, for Respondent.
*837 QUINCE, C.J.
This case is before the Court for review of the decision of the Fourth District Court of Appeal in Morgan v. State, 941 So.2d 1198 (Fla. 4th DCA 2006). The district court certified that its decision is in direct conflict with the decision of the Third District Court of Appeal in Gomez v. State, 832 So.2d 793 (Fla. 3d DCA 2002), and Sharpe v. State, 861 So.2d 483 (Fla. 3d DCA 2003). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the following reasons, we approve the result reached by the district court in Morgan but hold that if a legally sufficient claim of ineffective assistance of counsel is alleged based on counsel's advice to reject a plea offer, a defendant may be entitled to a postconviction evidentiary hearing.

FACTS AND PROCEDURAL HISTORY
On November 27, 2000, Thomas Morgan was charged with two counts of aggravated assault with a weapon. The State offered Morgan a sentence of five years' imprisonment in exchange for a guilty plea. Defense counsel told Morgan he could win at trial, or at worst be convicted of a lesser offense. See Morgan, 941 So.2d at 1198. Defense counsel encouraged Morgan to decline the State's offer and proceed with trial. Morgan followed his counsel's advice and proceeded to trial. At trial, a jury convicted Morgan of two counts of aggravated assault with a weapon. The trial court adjudicated Morgan guilty and sentenced him as a habitual felony offender to two concurrent terms of ten years in prison with five-year mandatory minimums as a prison releasee reoffender. On direct appeal, the Fourth District Court of Appeal affirmed Morgan's convictions and sentences. See Morgan v. State, 818 So.2d 519 (Fla. 4th DCA 2002).
In August 2003, Morgan filed with the trial court a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 alleging eight claims for relief. As his fourth claim, Morgan alleged ineffective assistance of trial counsel based on counsel's advice concerning the plea offer. Morgan claimed that his counsel's deficient performance prejudiced his defense. More specifically, Morgan said that based on his counsel's assurances that she would win at trial, he declined the State's plea offer and proceeded to trial. He argues that had he known that his counsel would not win at trial, he would have accepted the State's offer of five years' imprisonment. The trial court summarily denied relief on all claims presented, including the ineffective assistance of counsel claim.
The Fourth District Court of Appeal affirmed the trial court's denial of relief and certified conflict with the Third District Court of Appeal on the issue of whether a defendant is entitled to an evidentiary hearing when claiming ineffective assistance of counsel based on trial counsel advice to reject a plea offer because counsel believed the defendant could win or do better going to trial. In Morgan and Gonzales v. State, 691 So.2d 602 (Fla. 4th DCA 1997), the Fourth District held that the defendant was not entitled to an evidentiary hearing on such a claim. See Morgan, 941 So.2d at 1198-99; Gonzales, 691 So.2d at 604. In contrast, the Third District in Sharpe and Gomez held that a defendant is entitled to an evidentiary hearing on this type of ineffective assistance of counsel claim. See Sharpe, 861 So.2d at 484; Gomez, 832 So.2d at 794.
Morgan petitioned this Court for discretionary review, and we accepted review to resolve the conflict which exists between the two district courts of appeal.

*838 ANALYSIS

The District Courts
Each Florida district court of appeal has addressed in the context of an ineffective assistance of counsel claim the rejection of a plea offer on the advice of counsel, and whether the trial court should have granted the defendant an evidentiary hearing on such a claim. In Williams v. State, 924 So.2d 897 (Fla. 1st DCA 2006), the defendant claimed ineffective assistance of counsel because his counsel failed to convey to him the statutory maximum for the crime charged prior to his rejection of the State's plea offer. The State offered three years on a charge of sale or delivery of cocaine. After conviction at trial, the defendant was sentenced to twelve years, a term within the statutory maximum of fifteen years. The district court remanded for an evidentiary hearing after finding there was nothing in the trial court's order that conclusively refuted this claim.
The Second District Court of Appeal addressed a similar issue in Dines v. State, 909 So.2d 521 (Fla. 2d DCA 2005). Dines filed a motion for postconviction relief alleging six claims of ineffective assistance of counsel. He alleged, inter alia, that trial counsel was ineffective for misinforming him about his potential prison exposure prior to rejecting the State's plea offers. The trial court summarily denied the claim. The Second District affirmed the summary denial finding the claim facially deficient because Dines did not allege any deficiency in counsel's performance. The district court reasoned:
To state a claim under Strickland, the defendant must assert more than merely that counsel advised against accepting a plea, that the defendant took the advice, and that ultimately a greater sentence was imposed. On its face, such an allegation identifies no failing on counsel's part. Rather, some specific deficiency must be alleged: for instance, that counsel advised the client to reject the plea without preparing or knowing the operative facts of the case, or that counsel neglected to identify the material legal issues, or that counsel otherwise did not fully perform as a lawyer. Mr. Dines has made no such allegation; thus, his first ground failed to state a facially sufficient claim.
Dines, 909 So.2d at 523.[1]
In several cases concerning attorneys advising their clients to reject plea offers, the Third District has held that a defendant is entitled to an evidentiary hearing on a claim of ineffective assistance. See Yanes v. State, 960 So.2d 834 (Fla. 3d DCA 2007); Sharpe, 861 So.2d at 484; Gomez, 832 So.2d at 794. The defendant in Gomez filed a postconviction motion alleging ineffectiveness of counsel because counsel advised the defendant to reject a plea offer from the State because counsel assured him that a pending motion to suppress would be granted. The trial court summarily denied the claim, but the district court reversed for an evidentiary hearing or other appropriate relief.
Then, in Sharpe the court cited to its earlier Gomez opinion in addressing the issue of whether a defendant can ever state a claim for ineffective assistance of counsel based on counsel's advice to reject a plea offer when counsel has informed the defendant of the maximum sentence he faces. The court indicated that the Third District does not take the position espoused *839 in Gonzales that no claim of ineffective assistance is viable under these circumstances. More recently, in Yanes, the Third District reiterated its position that these claims require an evidentiary hearing in the trial court.
Beginning with Gonzales, the Fourth District has held that claims by defendants alleging ineffective assistance of counsel based on counsel's advice to reject a plea offer were not capable of being evaluated under Strickland, and therefore the defendant was not entitled to an evidentiary hearing on the claim. In Gonzales the defendant alleged counsel advised him to reject a favorable plea offer from the State because counsel said she would win the case. In affirming the trial court's summary denial of the claim, the district court said:
We do not, therefore, believe that the allegation of ineffective assistance of counsel in this case is capable of being evaluated by any "objective" standard of reasonable as contemplated by Strickland. It was, rather, a tactical or strategic decision, which cannot be the basis of an ineffective assistance of counsel claim. Accordingly, even if appellant could prove his allegation, it would not entitle him to relief.
Gonzales, 691 So.2d at 604.
After Gonzales, in Morgan, the case that is now before this Court, Smith v. State, 825 So.2d 1012 (Fla. 4th DCA 2002), and Szymanowski v. State, 771 So.2d 10 (Fla. 4th DCA 2000), the court cited with approval its earlier Gonzales opinion. Specifically, in Smith and Szymanowski, the court cited Gonzales for the proposition that a claim involving the rejection of a plea and proceeding to trial is tactical or strategic and cannot be the basis of an ineffective assistance of counsel claim. See Smith, 825 So.2d at 1013; Szymanowski, 771 So.2d at 11. It is interesting to note that in Garcia v. State, 736 So.2d 89 (Fla. 4th DCA 1999), the court again cited to Gonzales for the same proposition but ultimately found Garcia had stated a valid claim for relief based on our decision in Cottle v. State, 733 So.2d 963 (Fla.1999).
The Fifth District Court of Appeal in Colon v. State, 909 So.2d 484 (Fla. 5th DCA 2005), also addressed an ineffective assistance of counsel claim based on counsel's advice to reject a plea offer. The defendant claimed he relied on trial counsel's assurance of an acquittal at trial in turning down a plea offer. The trial court summarily denied the claim as insufficient and without merit. The Fifth District disagreed and remanded for an evidentiary hearing because the record did not conclusively refute the allegation. See id. at 490. The court in Young v. State, 608 So.2d 111 (Fla. 5th DCA 1992), also remanded the case for an evidentiary hearing based on a claim that counsel was ineffective when he failed to convey a plea offer by the State, an offer that was substantially less than the twenty-five years he received after trial.

This Case
The Fourth District in Morgan affirmed the trial court's denial of postconviction relief on Morgan's claim that counsel was ineffective for advising him to reject a plea offer based on assurance of a win at trial. In affirming the denial of relief, the court cited to Gonzales. The court in Gonzales held that claims of ineffective assistance of counsel based on advice to reject a plea offer could not be the basis for an ineffective assistance of counsel claim. We disagree and reaffirm the requirements that a defendant must allege and prove in order to be entitled to relief based on ineffective assistance of counsel for advising a defendant to reject a plea offer. The defendant must allege and prove that (1) counsel failed to convey *840 a plea offer or misinformed the defendant concerning the possible sentence he faced, (2) the defendant would have accepted the plea but for counsel's failures, and (3) acceptance of the plea would have resulted in a lesser sentence than was ultimately imposed. See Cottle, 733 So.2d at 967.
This Court's Cottle decision was based on both federal and Florida case law. We grounded the opinion on Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984),[2] and Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). In Strickland the United States Supreme Court said that in ineffective assistance of counsel claims the defendant must demonstrate both that counsel's performance was deficient and that he was prejudiced by the deficient performance. Thereafter in Hill the Court indicated that the Strickland standard and analysis should be applied to claims of ineffective assistance that arise in the plea context. We said that the plea process is a critical stage of the criminal proceeding, and therefore the defendant is entitled to the effective assistance of counsel at that stage also.
Moreover, we agreed with the many district court of appeal cases that recognized ineffective assistance of counsel claims arising from counsel's failure to properly inform a defendant of a plea offer. Specifically, we quoted with approval the language from the Fifth District's Young opinion in which that court outlined the three requirements for a prima facie ineffectiveness claim in this context. We said:
In its earlier opinion in Young, the Fifth District properly emphasized that claimants are held to a strict standard of proof due to the incentives for a defendant to bring such a post trial claim. 608 So.2d at 112-13. Consistent with the prior Florida caselaw we have discussed above, the Fifth District instructed: "Appellant must prove his counsel failed to communicate a plea offer ..., that had he been correctly advised he would have accepted the plea offer, and that his acceptance of the state's plea offer would have resulted in a lesser sentence." Id. at 113. We agree that these are the required elements a defendant must establish in order to be entitled to relief.
Cottle, 733 So.2d at 969. In footnote 6 we said that an evidentiary hearing should be ordered if the claim is sufficiently alleged.
Thus, contrary to the language from Gonzales[3] and its progeny, a claim of ineffective assistance of counsel can be based on advice from counsel to reject a plea offer. The only question remaining in this case is whether the trial and district courts erred in failing to require an evidentiary hearing on this claim of ineffective assistance of counsel. In Hannon v. State, 941 So.2d 1109 (Fla.2006), we provided the following standard for determining whether an evidentiary hearing is required. We said:
[A] defendant is entitled to an evidentiary hearing on a postconviction relief *841 motion unless (1) the motion, files, and records in the case conclusively show that the prisoner is entitled to no relief, or (2) the motion or a particular claim is legally insufficient. The defendant bears the burden of establishing a prima facie case based upon a legally valid claim. Mere conclusory allegations are not sufficient to meet this burden. However, in cases where there has been no evidentiary hearing, we must accept the factual allegations made by the defendant to the extent that they are not refuted by the record.
Id. at 1138 (quoting Freeman v. State, 761 So.2d 1055, 1061 (Fla.2000)). Thus, for the instant case, we must decide whether the motion, files, and records in the case conclusively show that Morgan is entitled to no relief, or whether Morgan's claim is legally insufficient. Because there has been no evidentiary hearing in this case, the Court must accept Morgan's factual allegations to the extent that they are not refuted by the record.
On this issue we find Morgan has not submitted a facially sufficient claim of ineffective assistance based on counsel's advice to reject a plea offer. In his motion for postconviction relief, Morgan alleged that counsel informed him of a plea offer from the State. He further alleged that counsel advised him that she felt she could win at trial or get a reduced offense. Counsel urged him to reject the plea offer, and he did. Lastly, Morgan alleged that he received a greater sentence after trial, and that he would have accepted the plea had he known that counsel would not win. Morgan does not contend that his counsel failed to communicate a plea offer or misinformed him concerning the penalties. Morgan has failed to allege any deficient performance on the part of counsel. The mere fact that Morgan did not prevail at trial does not translate into misadvice. Some specific deficiency on the part of counsel must be alleged. There is no allegation that counsel's assessment of the chances of success at trial was unreasonable under the facts and circumstances of this case or that counsel had not investigated or otherwise was not familiar with the case. Therefore, Morgan is not entitled to an evidentiary hearing because his claim is legally insufficient. See Hannon, 941 So.2d at 1138. The trial court properly summarily denied postconviction relief. While we find affirmance of the trial court's denial was correct, we do not agree with the Fourth District's implicit reasoning that this type of claim cannot be the basis for ineffective assistance of counsel.

CONCLUSION
We therefore approve the result, affirmance of the denial of postconviction relief, reached by Fourth District but hold that a claim of ineffective assistance of counsel can be based on counsel's advice to reject a favorable plea offer. To the extent that the court in Morgan holds to the contrary based on Gonzales, we disapprove that portion of the opinion. We also approve the decisions in Gomez and Sharpe to the extent they are consistent with this opinion.
It is so ordered.
ANSTEAD, PARIENTE, and LEWIS, JJ., concur.
WELLS, J., concurs in result only with an opinion, in which CANTERO and BELL, JJ., concur.
WELLS, J., concurring in result only.
I concur in result only because I conclude that the majority is correct in affirming the trial court's denial of postconviction relief, but I do not agree with the majority in its failing to approve the Fourth District Court of Appeal's decision in Gonzales v. *842 State, 691 So.2d 602 (Fla. 4th DCA 1997). I would approve Gonzales and Dines v. State, 909 So.2d 521 (Fla. 2d DCA 2005).
Gonzales and Dines deal with the precise issue that is involved in this case, whether the allegation that trial counsel advised the defendant that the defendant would win the case or receive a lesser sentence if the defendant went to trial is sufficient to state a postconviction claim for ineffective assistance of counsel. The courts in both Gonzales and Dines answered that precise issue correctly in holding that such an allegation is not sufficient to allege ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Having answered that precise issue, there is no reason for the majority opinion to go any further. I am concerned that by going further and making what are only obiter dictum statements, the majority confuses what should be a straightforward answer to the issue in this case.
I believe that the correct answer is to approve Gonzales and Dines on the precise issue before us and to disapprove Sharpe v. State, 861 So.2d 483 (Fla. 3d DCA 2003), and Gomez v. State, 832 So.2d 793 (Fla. 3d DCA 2002), to the extent that they are read to be in conflict with Gonzales and Dines on this issue.
CANTERO and BELL, JJ., concur.
NOTES
[1] Later, in Beasley v. State, 964 So.2d 213 (Fla. 2d DCA 2007), the district court, in reversing the denial of postconviction relief, cited to this Court's opinion in Cottle v. State, 733 So.2d 963 (Fla. 1999), which lays out the requirements that must be met in order to demonstrate ineffective assistance of counsel for advising a defendant to reject a plea offer.
[2] See Downs v. State, 453 So.2d 1102, 1106-09 (Fla. 1984), for this court's discussion and agreement with the Strickland analysis.
[3] Although the court in Gonzales was addressing a situation where the defendant was alleging his attorney said she could win the case, the language from Gonzales has been used in other cases that do not involve the attorney saying he could win the case at trial. See, e.g., Smith v. State, 825 So.2d at 1012 (where the defendant alleged his attorney did not tell him there was no defense to an armed trespass charge); Szymanowski v. State, 771 So.2d at 11 (where the defendant alleged ineffective assistance of counsel based on counsel's advice to reject a plea offer and counsel's failure to mount an intoxication defense).