ALTENBERND, Judge.
 

 Douglas J. Lavigne appeals the trial court’s order summarily denying his motion for postconviction relief that he filed pursuant to Florida Rule of Criminal Procedure 3.850. In the trial court, the State conceded that the motion required an evi-dentiary hearing. We agree with the State. Accordingly, we reverse and remand for further proceedings.
 

 The State charged Mr. Lavigne with trafficking in methamphetamine in November 2005. The details of this charge are not disclosed in our record. Mr. Lavigne alleges under oath that he was brought before the court about six months after the information was filed. At that hearing the State allegedly offered to resolve the case if Mr. Lavigne agreed to a negotiated plea requiring him to serve three years’ incarceration. Mr. Lavigne claims that he did not accept the plea because his lawyer advised him to reject it and assured him that he could receive probation.
 

 When Mr. Lavigne’s case was ready for trial, he could not pay his lawyer the additional fees associated with the trial. Accordingly, he pleaded to the charge, receiving a seven-year term of incarceration, which apparently is the minimum mandatory term for the charge. Mr. Lavigne claims his lawyer was ineffective in advis
 
 *1016
 
 ing him to reject the offer of a three-year term, only to place him in a posture where he could receive no less than a seven-year term. He claims he would have accepted the offer of three years’ imprisonment but for the affirmative misadvice of his counsel.
 

 When the trial court first received this motion, it concluded that the record did not conclusively refute the claim and ordered the State to respond. The State responded, admitting that the record did not refute the claim. Nevertheless, the trial court apparently decided that its initial assessment of the record was incorrect. It entered an order denying the motion and attaching the transcripts of the plea hearing and the sentencing hearing.
 

 We agree with the trial court’s initial assessment. The contents of these two transcripts do not refute Mr. Lavigne’s claim that he was offered a sentence at an earlier stage in the proceedings that was less than the minimum mandatory sentence required at the time that he went to trial. Obviously, a sentence less than the minimum mandatory would have been based on a conviction for an offense other than the offense of which Mr. Lavigne now stands convicted, but that does not rule out the possibility that the State did make such an offer. Under the guidelines contained in
 
 Morgan v. State,
 
 991 So.2d 835 (Fla.2008), it appears that Mr. Lavigne’s case cannot be resolved without an eviden-tiary hearing.
 

 Reversed and remanded.
 

 FULMER and SILBERMAN, JJ., Concur.