GROSS, C.J.,
concurring specially.
This postconviction relief case concerns a defendant who was found guilty in a jury trial. His conviction was affirmed. He received what the constitution contemplates — he had a “speedy and public trial, by an impartial jury”; he was “informed of *733 the natui’e and cause of the accusation”; he “was confronted with the witnesses against him;” he had “compulsory process for obtaining witnesses in his favor”; and he had “the assistance of counsel for his defence.” U.S. Const. Amend. VI. He was not “compelled ... to be a witness against himself”; he was not “deprived of life, liberty, or property, without due process of law.” U.S. Const. Amend. V.
After the jury verdict, but before sentencing, the state filed a notice of its intent to have Lester classified as an habitual violent felony offender. The court found that he qualified for HVFO status and sentenced him to 30 years in prison.
Before trial, Lester rejected a plea offer for a 41.7 month sentence. He now claims that at the time he rejected the plea, he did not know that the state could seek to have him sentenced as an HVFO. He says that when he rejected the plea, he did not know that he faced 30 years in prison.
We are compelled to grant relief by Morgan v. State, 991 So.2d 835 (Fla.2008).
This development in the law concerns me. It goes beyond the limits contemplated by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The law now renders a jury trial, explicitly guaranteed by the Constitution, secondary to the right to get a plea bargain, which is found nowhere in the Constitution. At a trial, Lester had the chance of an outright acquittal. Going to trial is a gable involving risk for both sides. As a trial judge, I saw strong cases fail and weak cases prevail. It is destructive of the entire process to allow a defendant to enjoy all the benefits of a trial and then force the state into the position it was in before the trial occurred.
In the criminal justice system envisioned by the Constitution, there would be no plea bargains, only trials complete with all the attendant guarantees. Due to the crush of numbers, plea bargaining has come to be recognized as an integral component of the criminal justice system. There are too many cases to hold a trial in every one.
Posteonviction relief makes constitutional sense where counsel’s ineptitude impacted the trial or convinced a defendant to give up his right to a trial by pleading guilty. Different from these situations, Morgan concerned a situation where the defendant went to trial and lost, but counsel’s ineffectiveness arose from the advice to reject a plea offer. In Morgan and Cottle v. State, 733 So.2d 963 (Fla.1999), the Florida Supreme Court read Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), as extending the Strickland “standard and analysis ... to claims of ineffective assistance that arise in the plea context.” Morgan, 991 So.2d at 840. Morgan extended Stiickland to every situation that arises from the plea bargaining process, including cases where defendants rejected plea offers and proceeded to trial.
Hill does not support the Florida Supreme Court’s extension of it. Hill was a case where a defendant pleaded guilty and gave up his right to a trial. The analysis in Hill turns on obtaining the trial that was blocked by counsel’s ineptitude. To satisfy Strickland’s prejudice requirement, Hill holds that a “defendant must show that there is a reasonable probability that, but for counsel’s errors, he would not have pleaded guilty and would have insisted on going to trial.” 474 U.S. at 59, 106 S.Ct. 366. Hill describes the prejudice inquiry in “guilty plea” cases by comparing it to “ineffective-assistance challenges to convictions obtained through a trial.” Id. Nothing in Hill suggests that the United States Supreme Court intended it to apply in “rejection of plea offer” cases.
*734 But for Morgan, I would hold that a defendant whose guilt is determined after a trial, conducted with all of the guarantees of the Constitution, has not suffered a constitutional deprivation, even where his lawyer’s conduct prevented him from accepting a plea, which with the post-trial benefit of hindsight, turns out to have been a favorable one. The guilt of such a defendant has been established in the manner envisioned by the framers of the Constitution. To set aside the trial in this case elevates the constitutional importance of the plea bargaining process over that of the trial itself, which is at the heart of the Sixth Amendment. This is the case where the state should seek review in the United States Supreme Court to consider the extension of Hill v. Lockhart to “rejection of plea” cases.