STATE OF MAINE                                    SUPERIOR COURT
KENNEBEC, SS.                                     CRIMINAL ACTION
                                                  Docket No.   CR-09-984
                                                  *DHM - KEN - 6/12/2010*

DEREK BONNEFANT

          v.                                      **ORDER**

STATE OF MAINE

          Defendant


     This matter is before the court on Derek Bonnefant's petition for post-conviction
review.   The petitioner is confined at the Bolduc Facility at the Maine State Prison,
having been sentenced on December 5, 2008, on a Class B operating under the influence
(OUI) charge and a probation violation.   In KEN-CR-2006-974, the court ordered the
defendant to serve forty months of the suspended portion of his sentence and his
probation was terminated.   The petitioner was on probation from a conviction of a
(Class C) OUI, a fourth offense.   In KEN-CR-2008-832, the petitioner was sentenced to
seven years, all suspended, for a (Class B) operating under the influence charge, with
probation, consecutive to KEN-CR-2006-974, and thirty days on a (Class E) operating
after suspension charge, to be served concurrent to Count I.   All the sentences were the
result of petitioner's pleas and admission.

     In his petition, the petitioner alleges that he entered his plea as a result of
ineffective assistance of counsel.   A testimonial hearing was conducted on the petition.
The petitioner testified that upon his arrest on October 27, 2008, he appeared for a video
initial appearance before the court from the Kennebec County Jail.   He said that the
attorney for the day advised him that on the (Class B) OUI, the district attorney was
offering a ten-year sentence, all suspended but fifty-three months, and three years

probation. Aware that he was on probation, he understood that this was to resolve the probation issue as well. He further testified that at that appearance he entered a plea of not guilty and bail was set at $25,000 or $100,000 single surety.

Petitioner testified that on October 31, he again appeared before the court for the purposes of his initial appearance on the motion to revoke probation and he was advised at that time that he had a probation hold and bail would not be available. He testified that on that occasion, he was given the same offer from the assistant district attorney, but there was no discussion. He applied for and was appointed an attorney who he had specifically requested and who had represented him on many cases in the past. Petitioner testified that he asked for a bail hearing and it was scheduled for November 7, 2008. He said that he did not see his appointed attorney prior to that date, and therefore there had been no talk with counsel regarding a plea offer prior to the bail review hearing.

Petitioner testified that he was brought from the jail at approximately 9:00 a.m., was the only defendant in the courtroom, and briefly met with his attorney who left to confer with the district attorney and returned about twenty minutes later. It is his further testimony that his plea counsel advised that the district attorney made an offer upon a plea of guilty and admission to the probation violation for the defendant to serve a sentence of thirty months with four years probation. At that time, the petitioner had received all the discovery, including the police report, but it had not been reviewed by his counsel and there was no discussion of the merits of his case. Mr. Bonnefant's testimony is that his counsel advised him not to take the deal because, "I can do better."

A date was set for December 5, 2008, where the defendant anticipated that he would plead and admit to the pending matters and receive a sentence of thirty months, but, unfortunately, he was advised by counsel that the offer of thirty months was no longer available. At that point counsel advised that he thought he would have a better chance of receiving thirty months if he entered an open plea since the district attorney was going to be asking for a much greater sentence. It is petitioner's testimony that, up to that point, he and his attorney had not discussed the facts of the case.

Upon cross-examination, the defendant admitted that he had communicated with his attorney in writing, and a copy of that letter to his attorney was introduced into evidence. He further testified that complete discovery, including police reports and blood-alcohol content (BAC) test results, had been supplied to him on October 27. He further admitted that he had been told by counsel, "If [you] went to trial, the sentence would be a lot more." The petitioner wanted the thirty month offer. Further, he claims he did not know the State would argue for more than thirty months offered. On redirect, Mr. Bonnefant stated that counsel never explained to him the risk of an open plea or the risk of trial. On recross-examination, petitioner said that counsel did explain to him the risk of trial and that in an open plea there was no promise of an offer, particularly since counsel had advised that the thirty month offer was no longer on the table. Petitioner has a high school diploma.[1]

The Rule 11 proceeding was conducted on December 5, 2008. At that time Mr. Bonnefant entered a plea of guilty to aggravated criminal OUI, and guilty to

---

[1] At sentencing, the State submitted to the court information that Mr. Bonnefant had two OUI convictions in 1997, a violation of bail conviction in 1999, a criminal trespass conviction in 1994, an assault conviction in 1999, an operating after revocation conviction in 2002, a marijuana cultivation charge in 2002, and three prior violations of bail.

operating after suspension. He admitted to the probation violation. Proper inquiry was made by the court prior to accepting the plea and the admission.

*Strickland v. Washington*, 466 U.S. 668 (1994), defines ineffective assistance of counsel. It must appear that under the totality of the circumstances, the counsel failed to exercise the skills and diligence that a reasonably competent attorney would provide under similar circumstances. 466 U.S. 688. A defense lawyer in a criminal case has the duty to advise his client fully on whether a particular plea to a charge appears to be desirable. It is not for the lawyer to fabricate defenses, but he does have an affirmative obligation to make suitable inquiry to determine whether valid ones exist. Such a duty is imposed for the salutary reason that prior to trial an accused is entitled to rely upon his counsel to make an independent examination of the facts, circumstances, pleadings, and laws involved, and then to offer his informed opinion as to what plea should be entered. *Boria v. Keane*, 99 F.3d 492 (1996).

In assessing the objective deficiency of counsel's performance, courts must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the petitioner must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Thornton v. Reynolds*, 2001 U.S. Dist. LEXIS 10435. The presentencing period proceeding is a critical stage in prosecution and the defendant is entitled to the effective assistance of counsel in the decision whether and when to plead guilty. It is ineffective assistance to fail to inform the client of the plea bargain, it is equally ineffective to fail to advise a client to enter a plea bargain when it is clearly in the client's best interest. *United States v. Leonti*, 326 F.3d 1111 (2003).

4

In an ineffective assistance of counsel claim, the petitioner must demonstrate that counsel's performance was deficient and that he was prejudiced by the deficient performance. *Strickland*, 466 U.S. 668. In keeping with that mandate, the petitioner must allege and prove that (1) counsel failed to convey a plea offer or misinformed the defendant concerning the possible sentence he faced, (2) defendant would have accepted the plea but for counsel's failure, and (3) acceptance of the plea would have resulted in a lesser sentence than was ultimately imposed. *Morgan v. Florida*, 991 So.2d 835 (Fla. 2008) (citing *Cottle v. Florida*, 773 So.2d 963 (Fla. 1999).

In *Kolle v. South Carolina*, 386 S.C. 578 (2010), the petitioner claimed ineffective assistance of counsel. Among other things, the evidence indicated that the state had made an offer of a sentence on a plea and the attorney advised the petitioner that it was not a good deal but that it would remain open even after the hearing on his motion to suppress evidence. As events took place, the state's offer did not remain open after the suppression hearing, and ultimately the defendant plead guilty receiving a significantly longer sentence. The court found that counsel had not done a sufficient investigation, review of discovery, or demanded further discovery so that he had full knowledge of the facts of the case when he suggested to the petitioner that he not accept the initial plea offer. The court found that counsel was deficient in failing to procure pertinent discovery material and to examine deficiencies in the credibility of the state's case. As such, the court found the pleas did not represent a voluntary and intelligent choice among the ultimate alternative courses of action open to the defendant. *Hill v. Lockhart*, 474 U.S. 52 (1985).

In addition to testimony from the petitioner, this court also heard from the 2008 plea counsel, the assistant district attorney presenting documents from the district

attorney's office, and the assistance district attorney appearing at the October 27 and October 31 initial appearance dates of the petitioner. The evidence received from petitioner were notes from plea counsel's file as well as plea counsel's itemized statement as attached to his assigned counsel voucher. The evidence presented to the court by the State included a letter from the petitioner addressed to plea counsel thanking him for his service and complementing him on his work, notes establishing a plea offer from the district attorney's office upon admission to the probation violation, notes from the district attorney's office of a proposed plea agreement regarding the (Class B) OUI, and notes of the probation officer recommending to the district attorney an appropriate disposition of the violation of probation.

It appears from all of the evidence that there never was an offer from the State agreeing to a sentence of thirty months. This was a sentence recommended by plea counsel to his client that he believed would be a proper sentence in the case. The initial offer by the State was for a sentence for the defendant to serve three-and-one-half years, (42 months) on the probation violation and a consecutive seven-year sentence, all suspended, but six months to serve on the OUI charge. Further, the State made it very clear that the (Class B) OUI sentence would be consecutive to the probation violation. At the time of sentencing, the petitioner had four years, four months, and twenty days left on his probated sentence. It was communicated to the office of the district attorney that plea counsel was requesting a concurrent sentence totaling thirty months.

There was further testimony that, as a matter of policy, the office of district attorney usually advocates for a full revocation in any instance where the conviction constituting the probation violation is the same charge underlying the probation itself.

6

In the final analysis, the district attorney did ask the court for full revocation plus a consecutive seven-year sentence, all suspended but one year.

To rebut petitioner's testimony that he had received a plea offer from the State at the time of his two initial appearances, the assistant district attorney indicated that it was clear that under no circumstances would a plea offer be made at an initial appearance on a charge that is a felony. First of all, the defendant does not enter a plea at that time and there is no basis upon which the office of the district attorney would be in a position to make such an offer at that early stage of the proceedings. Further, at the initial appearance on the probation violation, it is the policy of the office of the district attorney, upon advice from the probation officer, to offer a plea agreement of thirty percent of the underlying time left on the probation and, as a matter of policy, they would not go below eighty percent. In the instant case this amounted to three-and-one-half years.

The petitioner questions the theory of plea counsel to reject a thirty month offer and to proceed with an open plea. In spite of this testimony that he did not receive proper advice in this regard, Mr. Bonnefant ultimately noted that he did discuss with plea counsel the risk involved and that he could have entered a plea agreement in December of forty-two months on the probation violation and six months to be served on the Class B offense.

A petitioner can always disagree with strategy of defense counsel, it can only be ineffective when there is no reasonable basis for a tactical decision. In this case, as in many cases, defense counsel had reason to believe that the open plea would generate greater understanding and sympathy from the sentencing justice than the DA's proposal. Inasmuch as plea counsel was consistently arguing for a thirty month

7

sentence, it is clear that he believed that the court's ultimate sentence would be closer to thirty months than to forty-eight months. In addition, based upon history, experienced defense counsel believed that he had a legitimate argument for a concurring sentence.

There are two arguments made by petitioner relating to the performance of plea counsel that are worthy of note. First, it is admitted by plea counsel that he did not examine the discovery given to him by the petitioner until after the November 7 bail hearing. Indeed, the assigned counsel voucher statement indicates a review of discovery on November 14. It is suggested that plea counsel did not have enough information to enter into plea negotiations without review of the discovery, and discussing same with his client. The testimony of the plea counsel was that he had all of the information necessary from a review of a probable cause affidavit in the court's file which did include the results of the blood-alcohol content test. That affidavit, sworn to by the arresting office, contains the details of the circumstances on the streets of Winthrop on the evening of October 26, unequivocally establishing the operation of a motor vehicle and very impaired driver. In addition, and perhaps more important, counsel had represented the petitioner on many previous occasions, including his multiple OUI convictions. His analysis of the affidavit made it clear to him that the conduct was entirely consistent with Mr. Bonnefant's *modus operandi*. As a consequence, counsel felt that he was well aware of the testimony and evidence that would be presented against his client and that a trial would be untenable under the circumstances.[2] This court does not find that counsel was proceeding with a lack of relevant information in conducting his plea negations.

_____

[2] The BAC was 0.23%.

8

The final assertion by petitioner worthy of note is an assertion that plea counsel was not properly prepared for the sentencing hearing. He complains that failure to present character witnesses or family members, and evidence of alcoholic rehabilitation and the like, clearly rendered counsel ineffective in his representation of Mr. Bonnefant at that proceding. At the sentencing, plea counsel asked the court to consider a thirty-month sentence with concurrent time on the jail portion for the new criminal conduct. He asked the court to note that the defendant was accepting responsibility for his actions and that a review of the affidavit and police report would show that the petitioner was fully cooperative with the officer and never denied his condition that evening. He further noted the defendant's plea of guilty and the admission.

Counsel presented a Kennebec Behavioral Health Assessment conducted in April of 2008. He asked the court to consider that, at least, the defendant had made some attempt to address his underlying alcohol problem. He also noted that defendant was a responsible, employed citizen of the community and argued that a thirty-month sentence would allow him to take advantage of alcohol rehabilitation and counseling services. Counsel noted that the court could utilize a progressive sentencing strategy, considering previous sentences imposed and that this would also be consistent with a thirty-month concurrent sentence.

The petitioner complained that plea counsel did not present to the court a history of sentences in cases similar in support of his request for a thirty-month sentence. The Legislature, however, had recently created the so-called Tina's Law which had become effective shortly before this proceeding. As a result, the elevation of this offense to a Class B OUI created a new sentencing scenario. There was no history of sentencing for a Class B OUI in 2008.

Petitioner argued that even in the absence of a thirty-month offer, at the stage of the proceedings just before the plea, the State was willing to participate in a plea agreement up of forty-two months (three-and-one-half years) on the probation revocation and six months consecutive on the OUI for the defendant to serve a total of forty-eight months. The petitioner argues that it was error on the part of plea counsel not to convince him to accept that offer and to proceed with the open plea. As a result of the open plea, the court imposed a sentence of forty months on the probation revocation and to serve thirty days on the (Class B) OUI for a total of forty-one months. Accordingly, it cannot be said that, in the final analysis, the petitioner was significantly prejudiced by the strategy employed by his plea counsel.

The entry will be:

> Petitioner's request to vacate his plea in CR-2008-832 and his admission in CR-2006-974 is denied.

DATED: August 12, 2010

Donald H. Marden
Justice, Superior Court

DEREK BONENFANT
 vs
STATE OF MAINE

SUPERIOR COURT
KENNEBEC, ss.
Docket No   AUGSC-CR-2009-00984

## DOCKET RECORD

PL. ATTY: LEONARD SHARON
         LEONARD SHARON ESQ PC
         223 MAIN STREET
         AUBURN ME 04210-5833
         RETAINED 03/25/2010

State's Attorney: EVERT FOWLE

Filing Document: PETITION
Filing Date: 12/03/2009

Major Case Type: POST CONVICTION REVIEW

## Charge(s)

## Docket Events:

12/07/2009 FILING DOCUMENT -  PETITION FILED ON 12/03/2009

12/23/2009 POST CONVIC. REVIEW -  REVIEW SENT FOR REVIEW ON 12/23/2009

01/28/2010 POST CONVIC. REVIEW -  ASSIGNMENT ASSIGNED TO DOCKET ON 01/26/2010
          WILLIAM R ANDERSON , JUSTICE
01/29/2010 POST CONVIC. REVIEW -  ASSIGNMENT ASSIGNED TO JUSTICE ON 01/29/2010
          DONALD H MARDEN , JUSTICE
03/25/2010 MOTION -  MOTION FOR EXTENSION OF TIME FILED BY STATE ON 03/25/2010

03/25/2010 OTHER FILING -  WITNESS LIST FILED BY DEFENDANT ON 03/25/2010

03/25/2010 MOTION -  MOTION FOR EXTENSION OF TIME GRANTED ON 03/25/2010
          JOHN  NIVISON , JUSTICE
          COPY TO PARTIES/COUNSEL
03/25/2010 Party(s):  DEREK BONENFANT
          ATTORNEY -  RETAINED ENTERED ON 03/25/2010

          Attorney:  LEONARD SHARON
04/14/2010 POST CONVIC. REVIEW -  PCR CONFERENCE SCHEDULED FOR 04/26/2010 @ 3:30
          DONALD H MARDEN , JUSTICE
04/14/2010 POST CONVIC. REVIEW -  PCR CONFERENCE NOTICE SENT ON 04/20/2010

04/29/2010 POST CONVIC. REVIEW -  PCR CONFERENCE HELD ON 04/26/2010
          DONALD H MARDEN , JUSTICE
          Attorney:  LEONARD SHARON
          DA:  JAMES MITCHELL
06/03/2010 HEARING -  EVIDENTIARY HEARING SCHEDULED FOR 06/25/2010 @ 9:00

          NOTICE TO PARTIES/COUNSEL
06/03/2010 HEARING -  EVIDENTIARY HEARING NOTICE SENT ON 06/02/2010

06/03/2010 WRIT -  HABEAS CORPUS TO PROSECUTE ISSUED ON 06/03/2010

          CERTIFIED COPY TO SHERIFF DEPT.
06/09/2010 MOTION -  MOTION TO CONTINUE FILED BY DEFENDANT ON 06/09/2010

          Attorney:  LEONARD SHARON
06/10/2010 MOTION -  MOTION TO CONTINUE GRANTED ON 06/09/2010
          DONALD H MARDEN , JUSTICE
          COPY TO PARTIES/COUNSEL
06/10/2010 HEARING -  EVIDENTIARY HEARING CONTINUED ON 06/09/2010


06/23/2010 HEARING -  EVIDENTIARY HEARING SCHEDULED FOR 07/27/2010 @ 9:00
          DONALD H MARDEN , JUSTICE
          NOTICE TO PARTIES/COUNSEL
06/23/2010 HEARING -  EVIDENTIARY HEARING NOTICE SENT ON 06/23/2010


06/23/2010 WRIT -  HABEAS CORPUS TO PROSECUTE ISSUED ON 06/23/2010


          CERTIFIED COPY TO SHERIFF DEPT.
07/28/2010 HEARING -  EVIDENTIARY HEARING HELD ON 07/27/2010
          DONALD H MARDEN , JUSTICE
          Attorney:  LEONARD SHARON
          DA:  JAMES MITCHELL          Reporter: TAMMY DROUIN
          Defendant Present in Court
07/28/2010 POST CONVIC. REVIEW -  PCR DETERMINATION UNDER ADVISEMENT ON 07/27/2010
          DONALD H MARDEN , JUSTICE
08/12/2010 FINDING -  DENIED ENTERED BY COURT ON 08/12/2010
          DONALD H MARDEN , JUSTICE

A TRUE COPY
ATTEST:  _____
                    Clerk