PER CURIAM.
 

 Thomas Martino appeals the summary denial of two rule 8.850 motions for post-conviction relief. The appeals were consolidated for review. We affirm without comment the denial of the motion in 4D11-2514. We reverse the summary denial of Martino’s rule 3.850 motion in 4D10-3476 because the motion was facially sufficient and not refuted by the attached records.
 

 Martino was charged with racketeering, conspiracy to commit racketeering, organized scheme to defraud more than $50,000, and six counts of purchase or receipt of a legend drug from an unauthorized person. According to his 3.850 motion, before trial the state offered him concurrent sentences of six to eight years in prison if he pleaded guilty to the charges in this case and another case and cooperated with law enforcement. He alleged that his trial counsel provided ineffective assistance causing him to reject this favorable plea offer by failing to advise and misadvising him about the possible sentence if convicted at trial.
 

 Martino alleged in part that counsel failed to advise him there were no sentencing guidelines binding the court; counsel failed to advise him that the score-sheet set the minimum sentence absent a plea offer or downward departure; and counsel failed to advise him that the court could sentence him up to the statutory maximum on each count and run the sen-tehces consecutively. As Martino understood his attorney, the guidelines range set a parameter for the sentence the court could impose, and the guidelines range in his case was at least as good as the state’s offer.
 

 Based on counsel’s advice that he should reject the offer because he could do as well at trial, Martino elected a trial. A jury convicted him of organized scheme to defraud and the six counts of purchase or receipt of a legend drug. He was originally sentenced to 21 years and six days in prison, but his sentence was later reduced to 13 years in prison for reasons not relevant to this appeal. Martino alleged that if his attorney had accurately advised him about the possible sentence he could receive, he would have accepted the state’s plea offer.
 

 There is some support in the record for Martino’s claim that his attorney was treating this as a guidelines sentencing case although Martino was sentenced under the Criminal Punishment Code, which has no guidelines range and allows for sentencing up to the statutory maximum. Martino also quoted some e-mail exchanges between his trial counsel and postconviction counsel in which his trial counsel seemed to believe Martino’s guidelines range was “not a significant number” although they knew the statutory máxi-mums “were a big number.” Trial counsel did not indicate what he told Martino the statutory máximums were.
 

 Martino’s claim is facially sufficient.
 
 See Morgan v. State,
 
 991 So.2d 835 (Fla.
 
 *929
 
 2008). In denying this claim, the court did not attach any records that conclusively refute the claim. There is no indication from the attached records that before he rejected the plea offer Martino was advised by counsel or the court that he could be sentenced up to the statutory máxi-mums and that he was correctly advised of the statutory máximums.
 

 The e-mail exchanges discussed in the rule 8.850 motion suggest this attorney was not retained until after Martino rejected the state’s plea offer. If the offer was no longer available, Martino was not prejudiced by this attorney’s omissions or mis-advice about the possible sentence. The email discussions are not part of the record, and Martino does not swear to the truth of counsel’s statements in the e-mails.
 

 Because the claim is facially sufficient and not refuted by the attached records, we reverse and remand for further proceedings.
 

 Reversed and Remanded for further proceedings in case number 4.D10-34-76. Affirmed in case number ^Dll-251f.
 

 WARNER, POLEN and GROSS, JJ., concur.