# Supreme Court of Florida

_____

No. SC12-1683
_____

**STATE OF FLORIDA,**
Petitioner,

vs.

**KEITH SIROTA,**
Respondent.

[September 4, 2014]

PER CURIAM.

This case is before the Court for review of the decision of the Fourth District Court of Appeal in Sirota v. State, 95 So. 3d 313 (Fla. 4th DCA 2012), in which the Fourth District certified a question of great public importance "regarding the scope and proper application" of this Court's decision in Morgan v. State, 991 So. 2d 835 (Fla. 2008), "following two recent decisions of the Supreme Court of the United States which prescribe the minimum requirements of the Sixth Amendment" as to ineffective assistance of counsel claims in which the defendant rejected a plea offer based on misadvice. Sirota, 95 So. 3d at 315 (citing Missouri

v. Frye, 132 S. Ct. 1399 (2012), and Lafler v. Cooper, 132 S. Ct. 1376 (2012)). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.

Subsequent to the Fourth District's decision in Sirota, we decided Alcorn v. State, 121 So. 3d 419 (Fla. 2013), where this Court receded from Morgan and Cottle v. State, 733 So. 2d 963 (Fla. 1999), with respect to the standard for establishing prejudice as to this type of claim. Alcorn, 121 So. 3d at 422. We held in Alcorn that, in light of Frye and Lafler, "the defendant must demonstrate a reasonable probability, defined as a probability sufficient to undermine confidence in the outcome, that (1) he or she would have accepted the offer had counsel advised the defendant correctly, (2) the prosecutor would not have withdrawn the offer, (3) the court would have accepted the offer, and (4) the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." Id.

After Alcorn became final, we issued an order directing the Respondent in this case to show cause why this Court should not summarily quash the Fourth District's decision in Sirota and remand for reconsideration in light of Alcorn. In his response, the Respondent conceded that this case is "factually indistinguishable" from Alcorn but argued nevertheless that this Court should not summarily quash the Fourth District's decision because the new prejudice inquiry under Alcorn, which derives from the United States Supreme Court's decisions in

Frye and Lafler, may be problematic. In its reply, the State asserted that Alcorn controls the outcome and that this case should be remanded to the trial court to provide the Respondent with an opportunity to amend his pleading to conform to the requirements of Alcorn.

Having considered the briefs of the parties, the Respondent's response to this Court's order to show cause, and the State's reply, we quash the Fourth District's decision in Sirota. We remand this case to the Fourth District with directions that the case be returned to the trial court for further proceedings consistent with this Court's decision in Alcorn.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal - Certified Great Public Importance

Fourth District - Case No. 4D10-1318

(Palm Beach County)

Pamela Jo Bondi, Attorney General, Tallahassee, Florida, and Consiglia Terenzio, Bureau Chief, and Heidi Lynn Bettendorf, Assistant Attorney General, West Palm Beach, Florida,

for Petitioner

Robert Lawrence Sirianni, Jr., Paetra Terry Brownlee, and Andrew Brooks Greenlee, Brownstone, P.A., Winter Park, Florida,

    for Respondent