DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KELLEY MILLIEN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2025-1292

[November 5, 2025]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Cymonie S. Rowe, Judge; L.T. Case No. 502018CF005945A.

Kelley Millien, South Bay, pro se.

James Uthmeier, Attorney General, Tallahassee, and Deborah Koenig, Senior Assistant Attorney General, West Palm Beach, for appellee.

KLINGENSMITH, J.

Kelley Millien appeals the summary denial of his amended Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief, in which he raised three grounds for relief. In ground two, Defendant alleged his counsel had failed to explain that the court was required to impose the statutory maximum if he were convicted at trial. We reverse and remand for further proceedings as to ground two. We affirm on all other grounds without comment.

Millien was charged with two counts of lewd or lascivious battery on a child 12 years of age or older but less than 16 years of age, which is a second-degree felony generally punishable by up to 15 years in prison. §§ 800.04(4)(a)(1), (4)(b), 775.082(3)(d), Fla. Stat. (2015). However, because Millien's sentencing scoresheet reflected a lowest permissible sentence of 182.25 months in prison, which exceeded the statutory maximum, the court would be required to impose that sentence if Millien were convicted. § 921.0024(2), Fla. Stat. (2015).

The State offered Millien a plea to six years in prison, which he rejected. The case went to trial and Millien was convicted as charged. He moved for a downward departure sentence, but the trial court denied the motion and imposed the required sentence of 182.25 months in prison on each count, to run concurrently.

In ground two of his rule 3.850 motion, Millien alleged he had rejected the six-year plea offer because his counsel had planned to move for a downward departure sentence if Millien was convicted at trial. Millien's counsel allegedly said the trial court would likely impose a sentence around six years if the court granted the motion. However, Millien's counsel allegedly failed to explain that if the court denied the motion, the court would be required to sentence Millien to 182.25 months in prison.[1]

The trial court granted Millien leave to amend ground two because Millien had failed to sufficiently allege prejudice in his initial motion. Millien timely filed an amended motion and sufficiently alleged prejudice, but the oath attached to the amended motion was insufficient under rule 3.850(n)(2).

The trial court denied the amended motion on the merits, without addressing the oath's insufficiency. The trial court ruled that Millien's claim of misadvice was refuted by the record, which showed Millien had been aware that he "scored a little over fifteen years" when he rejected the plea offer. The trial court also ruled that Millien's claim that he would have accepted the plea offer—but for counsel's alleged misadvice—was refuted by the record because Millien had continued to maintain his innocence at the sentencing hearing.

Millien timely filed a notice of appeal.

"To uphold the trial court's summary denial of claims raised in a rule 3.850 motion, the claims must be either facially invalid or conclusively refuted by the record." *Peede v. State,* 748 So. 2d 253, 257 (Fla. 1999) (citing Fla. R. Crim. P. 3.850(d)).

Millien pleaded a facially sufficient claim that counsel was ineffective for allegedly failing to explain that the trial court would be required to sentence him to 182.25 months in prison if Millien was convicted at trial

---

[1] Millien also alleged that counsel failed to properly advise him of the likelihood that the court would grant his motion for downward departure. That part of the claim was facially insufficient because Millien did not allege a specific deficiency in counsel's advice. *See Morgan v. State*, 991 So. 2d 835, 841 (Fla. 2008).

and the court denied his motion for downward departure. *See Key v. State*, 357 So. 3d 1227, 1229 (Fla. 4th DCA 2023) (recognizing that counsel can be deemed ineffective for misadvising a defendant as to the range of penalties he will face at trial when he is weighing whether to accept a plea offer). Millien also sufficiently alleged that he was prejudiced by counsel's misadvice because: (1) he would have accepted the six-year plea offer if he had been advised properly, (2) no apparent reason existed for the state to withdraw the offer or the court to not accept the plea, and (3) his sentence would have been less severe than the sentence which he received following trial. *Alcorn v. State,* 121 So. 3d 419, 430 (Fla. 2013); *see Key,* 357 So. 3d at 1229.

The trial court erred in summarily denying Millien's claim because the claim was not conclusively refuted by the record. The fact that Millien had known he "scored a little over fifteen years" when he rejected the plea offer does not refute his claim that he did not know the trial court would be *required* to impose that sentence if Millien was convicted at trial and the court denied his downward departure motion. As for the likelihood that Millien would have accepted the plea offer if he had been properly advised of that fact, his statement at sentencing that he did not commit the crimes was made in the context of his complaints about counsel's performance at trial. The fact that Millien wished counsel had defended him more vigorously at trial does not refute the claim that he would have accepted the plea offer but for counsel's alleged misadvice at that time.

We therefore reverse the trial court's summary denial of Millien's ineffective assistance claim because counsel allegedly failed to explain to him that the trial court would be required to sentence Millien to 182.25 months in prison if he was convicted at trial and the trial court denied his downward departure motion. On remand, the trial court shall give Millien an opportunity to amend the oath attached to his amended motion, if he can do so in good faith. If Millien timely files an amended motion containing a sufficient oath, the trial court shall hold an evidentiary hearing limited to this claim.

*Affirmed in part, reversed in part, and remanded for further proceedings.*

KUNTZ, C.J., and CIKLIN, J., concur.

\*　　　\*　　　\*

**Not final until disposition of timely-filed motion for rehearing.**