PER CURIAM.
This is an appeal from the trial court’s denial of defendant Enrique Malespin’s motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. Malespin claims he was denied effective assistance of counsel when his attorney failed to inform him that the State’s 50-month plea offer would only be available to him for one day. Malespin failed to accept the offer within the time limit and eventually was sentenced to ten years’ imprisonment. He alleges that if he had known the *597 offer would be withdrawn m one day, he would have accepted it. Malespin states a legally sufficient claim. See Fla. R. Crim P. 3.171(c)(2)(B); Britt v. State, 352 So.2d 148, 149 (Fla. 2d DCA 1977) (“A person induced to give up his right to a trial by a misapprehension of circumstances surrounding his plea is entitled to vacation of any judgment and sentence resulting from such a plea.”). See also Cottle v. State, 733 So.2d 963, 969 (Fla.1999) (“[Cjourts presume prejudice from the inference that a defendant with more, or better, information, would have acted differently.”) (internal quotation marks omitted) (quoting Williams v. State, 326 Md. 367, 605 A.2d 103, 110 (1992)).
As it is not clear from the face of the record whether the plea offer was open for only one day and, if so, whether counsel told Malespin of the limited availability of the offer, we remand for an evidentiary hearing to determine whether the plea offer would be withdrawn after one day and, if so, whether defendant was informed of this.
We find no merit in Malespin’s other 3.850 claims.
Affirmed in part, reversed in part, remanded with instructions.