PER CURIAM.
Joseph D. Hurt appeals the summary denial of his Rule 3.850 motion. Hurt claimed that counsel performed deficiently in failing to advise him sooner regarding how much time he would actually serve in prison pursuant to a plea offer that had been extended by the State. The State withdrew the offer before it was formally accepted by the court, and Hurt then entered a voluntary open plea to the court and received a legal sentence. We conclude that appellant failed to state a cognizable claim of ineffective assistance of counsel and affirm.

Background

In May 1992, Hurt pleaded guilty to the following: (I) armed burglary; (II) burglary of a dwelling; (III) and (IV) grand theft; (V) resisting arrest without violence; (VI) fleeing and eluding a police officer; and (VII) operating a vehicle with no valid driver’s license. The court sentenced him as follows: (I) fifteen years in prison as a habitual felony offender; (II) fifteen years probation consecutive to Count (I); (III) and (IV) five years concurrent to Count (I); and (V), (VI), and (VII) time served. He did not appeal.
On October 22, 2008, he admitted violating probation for the burglary of a dwelling charge. The court sentenced him to fifteen years in prison which, according to the State’s response below, was a downward departure from the recommended seventeen to twenty-two year sentence under the guidelines and the possible twenty-(two to twenty-seven year sentence with the bump for the violation of probation.
On July 16, 2010, Hurt filed this Rule 3.850 motion. Hurt alleged that, on August 7, 2008, counsel conveyed the State’s eight-year plea offer. Hurt was allegedly concerned about how much time he would actually have to serve in prison. Counsel was not sure whether the 85% rule of the Stop Turning Out Prisoners Act[1] would apply to the eight-year sentence under the plea offer. Hurt alleges that he declined *1092 the offer based on his lack of knowledge about the amount of time he would actually have to serve in prison.
At a September 4, 2008 hearing, defense counsel, at Hurt’s request, asked the State whether the offer was still open and how much time Hurt would actually serve. The offer remained open, but the State was also not sure whether the 85% rule would apply.
Finally, at the October 23, 2008 hearing, counsel gave Hurt “good news” that, because the offense was old, he would have to serve only 55 to 65% of the eight-year sentence offered in the plea deal. Hurt wanted to accept the deal, but the prosecutor would not agree to it and rescinded the offer. Hurt then admitted the violation.
In this post-conviction motion, Hurt claimed that his counsel was ineffective in failing to advise him sooner as to the amount of . time he would actually serve in prison. He alleges that he would have taken the eight-year plea offer if he had known he would have to serve only 55 to 65% of the eight-year offer. The State argued that the claim did not establish a basis for relief because Hurt had not alleged that counsel gave him any incorrect advice. The trial court agreed and denied the motion. Hurt appeals.

Analysis

In a plea ease, the prejudice necessary to establish an ineffective assistance of counsel claim is set out in Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985): “[A] reasonable probability that, but for counsel’s errors, the defendant would not have pleaded guilty and would have insisted on going to trial.” Id. at 59, 106 S.Ct. 366. Hill recognized that the voluntary and intelligent character of a plea may be challenged on the ground that counsel failed to act within the range of competence required of criminal defense attorneys. Id. at 56, 106 S.Ct. 366. The focus when considering prejudice in a Hill claim is on the voluntariness of the plea and the waiver of trial and attendant rights. Florida, however, has recognized that Hill prejudice can arise from lost plea offers.
In Morgan v. State, 991 So.2d 835 (Fla.2008), the supreme court recognized that an attorney’s advice that a client reject a plea offer can state a sufficient claim of ineffective assistance of counsel. Id. at 840. The Morgan court reaffirmed the holding of Cottle v. State, 733 So.2d 963 (Fla.1999), that to establish an ineffective assistance of counsel claim regarding lost plea offers, the movant must show that: (1) counsel failed to convey an offer or misadvised the movant about the penalty faced; (2) the movant would have accepted the plea offer; and (3) the plea would have resulted in a lesser sentence. 991 So.2d at 839-40.
Here, the initial eight-year plea offer in Hurt’s case was not binding and, on its own, had no constitutional significance. The plea offer had no constitutional significance until accepted by the court: “A plea bargain standing alone is without constitutional significance; in itself it is a mere executory agreement which, until embodied in the judgment of a court, does not deprive an accused of liberty or any other constitutionally protected interest. It is the ensuing guilty plea that implicates the Constitution.” Mabry v. Johnson, 467 U.S. 504, 507-08, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984), disapproved on other grounds, Puckett v. U.S., 556 U.S. 129, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009). See also Fla. R.Crim. P. 3.172(g) (“No plea offer or negotiation is binding until it is accepted by the trial judge formally after making all the inquiries, advisements and determinations required by this rule. Until that time, it may be withdrawn by ei *1093 ther party without any necessary justification.”); Harden v. State, 453 So.2d 550, 551 (Fla. 4th DCA 1984) (“[Fjormal acceptance of a plea occurs when the trial court affirmatively states to the parties, in open court and for the record, that the court accepts the plea.”).
As this case illustrates, during negotiations, plea offers are often extended based on incomplete facts regarding the circumstances of the offense, the defendant’s prior record, the applicable laws, and other salient factors. As a result, plea offers are subject to withdrawal at any time before formal acceptance by the court. Counsel’s inability to immediately provide perfect advice about the wisdom of accepting a plea offer, which results in the loss of what in hindsight turns out to have been a favorable plea offer, does not result in the type of prejudice necessary to establish a violation of the Sixth Amendment right to effective counsel. The defendant has no constitutional right to enforcement of any plea bargain until the plea is formally accepted by the court.
Thus, even if counsel had obtained the information regarding the actual time Hurt might serve in prison sooner, and if Hurt had agreed to accept the eight-year offer, the State could still have rescinded the offer.[2]
Here, unlike the claims recognized as sufficient in Morgan and Cottle, defense counsel did not fail to convey a plea offer, advise appellant to reject a plea offer, or misadvise the defendant about the maximum penalty faced.
Plea offers are not binding and a defendant has no vested right to any particular plea offer extended during negotiations. At best, defendant has an expectation that the offer will not be rescinded and will be accepted by the court. Further, the lost plea offer has no impact whatsoever on the defendant’s subsequent voluntary and intelligent plea. In addition to the problems illustrated by this case, courts have struggled to fashion an appropriate remedy in such cases. See Lester v. State, 15 So.3d 728, 730-32 (Fla. 4th DCA 2009). Reopening a case for further plea negotiations following a conviction after a fair jury trial is a result that is unfair to the State. See id. at 733-34 (Gross, J., concurring specially). The defendant may end up with no better sentence following renegotiation, and if plea negotiations fail, the State will have to retry a defendant who already received a fair trial. A lost plea offer should not be an actionable basis for an ineffective assistance of counsel claim.

Conclusion

We decline to extend the holding of Morgan to the situation presented here. Counsel did not advise Hurt to reject the eight-year plea offer. Counsel did not fail to convey the plea offer or misadvise Hurt as to maximum penalty faced. Hurt failed to establish that he was prejudiced by the alleged deficient performance of counsel.

Affirmed.

DAMOORGIAN, GERBER and LEVINE, JJ., concur.

. Section 944.275(4)(b)3., Florida Statutes, provides in relevant part:
For sentences imposed for offenses committed on or after October 1, 1995, the department may grant up to 10 days per month of incentive gain-time, except that no prisoner is eligible to earn any type of gain-time in an amount that would cause a sentence to expire, end, or terminate, or that would result in a prisoner's release, prior to serving a minimum of 85 percent of the sentence imposed.
(emphasis supplied).

. Because it affects the wisdom and not the voluntariness of the waiver of the right to jury trial and other associated rights, a claim that counsel misadvised the defendant as to the amount of time that he or she might "actually serve” pursuant to a plea deal is also of questionable constitutional significance. See Gusow v. State, 6 So.3d 699, 702-03 (Fla. 4th DCA 2009) (citing United States v. Smith, 440 F.2d 521, 528-29 (7th Cir.1971)). The sufficiency of such claims, however, has been recognized. State v. Leroux, 689 So.2d 235 (Fla.1996).