GROSS, J.
Carlos Santos appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850, which alleges four separate grounds for relief. We affirm all points and write to address Point 1.
Santos was convicted after jury trial of trafficking in cocaine and conspiracy to traffic in cocaine. The court sentenced him to concurrent terms of fifteen years in prison. Santos’ postconviction motion alleged these facts:
8. The defendant, Carlos Santos was never told by his trial counsel that his codefendent Carlos Aldarondo would be testifying against him at trial, and initially, found out when [the assistant state attorney] eluded [sic] to it in her opening argument on March 18th 2008.
9. Trial counsel’s performance was deficient in that his failure to notify the Defendant of this extremely important fact did not allow the Defendant the opportunity to properly evaluate his case, and there is a reasonable probability that counsel’s deficient performance affected the outcome of the trial. Had the Defendant been told that his co-defendant would be testifying against him, he would have taken the government’s offer to plea said case.
The State’s response to the motion included record attachments that showed that Aldarondo was listed as a prosecution witness over one year prior to trial. A transcript demonstrated that, during voir dire, the prosecutor told the jury panel that Carlos Aldarondo was a “potential witness” in the case. Thus, the allegation contained in paragraph 8, above, was demonstrably false.
A transcript also shows that prior to voir dire, the trial court extensively inquired about whether a plea offer had been made *964 and explored Santos’ understanding of the potential consequences of his rejecting the plea and being found guilty at trial. The prosecutor said that she had offered a plea to three years in prison “as a minimum mandatory.” The court asked defense counsel if he had discussed the plea with his client; the attorney responded that he had and that his client had rejected it. The prosecutor then said that the “co-defendant [pled] out.” The trial court then questioned Santos about the plea offer and the consequences of a guilty verdict if he were to be found guilty after a trial:
The Court: Mr. Santos, do you understand that you are facing two possible counts? One is trafficking in cocaine. The maximum period of time that you could go to prison for, on that particular charge if you were to be found guilty by the jury, would be 30 years, do you understand that, sir?
Santos: Yes, sir.
The Court: Okay. And, you have a second count. That is for conspiracy to traffic in cocaine, do you understand that, sir?
Santos: Yes, sir.
The Court: The maximum period of time you could go to prison for on that charge would be 30 years, do you understand that?
Santos: Yes, sir.
The Court: If the jury were to come back and find you guilty with regard to both charges, do you understand that the maximum period of time that you could face is 30 years in Florida State Prison, do you understand that?
Santos: Yes, sir.
The Court: Count 1, trafficking in cocaine, has a minimum mandatory of three years in Florida State Prison. This court’s legislative directive, I guess is the best way to describe it, would be that I could sentence you to no less than three years as a minimum mandatory on Count 1. However, you would have a maximum of 60 years in Florida State Prison if you are found guilty as charged. The State said to me that they have relayed to you an offer. That offer was three years in Florida State Prison, with a three year minimum mandatory, do you understand that?
Santos: Yes.
The Court: I don’t want to know what you discussed with [trial counsel], or anyone associated with this case during the period of time that this case has been pending, but you have had a full opportunity to discuss what could happen to you as a result of being convicted, is that correct?
Santos: Yes.
The Court: And it’s your desire to reject the three year minimum mandatory offer that has been presented by the State?
Santos: Correct.
The record thus demonstrates that a generous plea was available, that a co-defendant who had taken a plea was a potential witness, that Santos knew about the strong possibility of this testimony at least by the beginning of voir dire, and that Santos rejected the plea in spite of the trial judge’s crystal clear portrayal of the risk of going to trial. There is no allegation in the motion that Santos reconsidered and sought to reopen plea negotiations at any time prior to the verdict. The record paints a picture of a defendant who rolled the dice and lost, but who now seeks to reinstate a plea bargain with the benefit of hindsight.
This was not an unconveyed plea offer. See Missouri v. Frye, — U.S. -, 132 S.Ct. 1399, 182 L.Ed.2d 379 *965 (2012); Cottle v. State, 733 So.2d 963, 969 (Fla.1999). There is no claim that the attorney gave incompetent advice by advising Santos to reject the plea offer. See Lafler v. Cooper, — U.S. -, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012). The trial court hammered home the maximum penalties that Santos faced, and there is no allegation that counsel misadvised Santos of the penalties. See Morgan v. State, 991 So.2d 835 (Fla.2008). Morgan recognizes the viability of lost plea offer claims where counsel (1) tells the defendant to reject the offer, (2) misadvises about the maximum penalty, or (3) fails to convey an offer. In recent cases, this court has refused to extend Morgan beyond these types of claims. Sirota v. State, 95 So.3d 313, 319 (Fla. 4th DCA 2012); Hurt v. State, 82 So.3d 1090, 1092-93 (Fla. 4th DCA 2012).
Courts reviewing ineffective assistance of counsel claims must strongly presume that counsel provided the assistance contemplated by the Sixth Amendment. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Judicial scrutiny of counsel’s performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. Id. Santos’ bald, and partially refuted, allegations in the motion do not overcome the strong presumption that counsel provided reasonably competent assistance. While the co-defendant’s testimony provided additional strong evidence of Santos’ guilt, even without this testimony, the State had powerful evidence showing that Santos supplied the cocaine that was to be sold to the confidential informants. This evidence included recorded phone conversations between Santos and the confidential informants setting up the transaction. Police observed Santos arrive at the arranged location and enter the confidential informant’s vehicle. Police moved in upon receiving a signal from the confidential informants and found the cocaine on the floorboard in the area where Santos was sitting.
Further, considering the totality of the circumstances — including the trial court’s extensive pretrial inquiry regarding the plea offer — Santos has failed to make a prima facie case for a hearing by showing an objectively reasonable probability that he would have accepted the plea bargain. Sirota, 95 So.3d at 320 (“The burden remains on the movant to allege circumstances to establish a sufficient claim, and the bar for asserting a claim sufficient to require an evidentiary hearing has been set high.”).

Affirmed.

DAMOORGIAN and LEVINE, JJ., concur.