FORST, J.
Nathan Brown appeals an order summarily denying his rule 3.850 motion. We affirm in part and reverse in part.
On April 16, 2010, Brown entered an open guilty plea to three drug offenses and was sentenced concurrently to ten years for each of counts I and II, along with a three-year mandatory minimum for count I, and to time served for count III. In his rule 3.850 motion, he raised three claims of ineffective assistance of counsel, which he later supplemented with a fourth ground for relief. The trial court summarily denied the motion, and Brown appealed. This court issued an order to show cause as to the first and third grounds. We now affirm as to the first, second, and fourth grounds without further discussion, but we remand for an evidentiary hearing on the third ground for relief.
With respect to the third ground, Brown claimed his defense counsel was ineffective in conveying a plea offer. He alleged that approximately a month before his mid-April 2010 trial date, his attorney visited him in jail to inform him the state had offered a sentence of forty months in prison if Brown would plead guilty. In weighing this offer, Brown questioned counsel as to whether he had any defenses. Counsel told him to call him at Ms office if he wished to accept the offer; he did not tell Brown that the offer would be available for only a certain amount of time. Brown testified that he thought about the offer the rest of the day and concluded it was in his best interest to accept the offer. The next day, he phoned his attorney “all day” to tell him he wanted to accept the offer, but was never able to speak with him. Brown left several messages to return his call, but counsel never did. One or two weeks before the trial date, counsel advised him he would have no defenses if he went to trial. Brown told him he wanted to accept the state’s offer of forty months — but counsel told him it no longer was available. Brown asserts that, if counsel had merely returned his calls, he would have been sentenced to forty months. Furthermore, if there was a time limit on the offer, Brown maintains that counsel should have told him what it was. He argued that the failure to give him an opportunity to accept the offer was equivalent to failing to convey it.
The state argued Brown failed to meet the pleading requirement that he allege counsel either failed to convey a plea offer or misinformed the defendant concerning *512 the sentence he faced, citing Morgan v. State, 991 So.2d 835 (Fla.2008).[1]
In his motion for rehearing, Brown emphasized that his factual allegations must be taken as true and they entitled him to relief under Malespin v. State, 873 So.2d 596 (Fla. 3d DCA 2004). In Malespin, the court reversed the trial court’s summary denial of a post conviction claim that counsel failed to inform defendant that the state’s fifty-month plea offer would be available for only one day. The court found that the defendant’s allegation that, had he known the offer was available for one day only, he would have accepted it, was legally sufficient to remand for a hearing to determine whether the offer was to be withdrawn after one day and, if so, whether defendant was so informed. Id. at 596-97. Brown argues similarly on appeal, noting he did all he could to advise counsel he wanted to accept the state’s offer but was unable to do so.
In its response to this court, the state argues this is not a case of failure to convey a plea offer and that Brown’s claim was speculative, Malespin is of no value, and that a lost offer is not actionable, citing Hurt v. State, 82 So.3d 1090, 1093 (Fla. 4th DCA 2012) (“[T]he lost plea offer has no impact whatsoever on the defendant’s subsequent voluntary and intelligent plea.... A lost plea offer should not be an actionable basis for an ineffective assistance of counsel claim.”). However, Hurt issued in January 2012. In March 2012, the United State Supreme Court issued Lafler v. Cooper, — U.S. —, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012) (concerning defendant who goes to trial after rejecting a plea offer due to ineffective assistance of counsel), and Missouri v. Frye, — U.S. -, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012) (concerning counsel’s failure to convey a plea offer before it expires). These opinions establish that a lost plea offer can be an actionable basis for a claim of ineffective assistance of counsel.
After the issuance of Lafler and Frye, in Alcorn, 121 So.3d at 422, the Florida Supreme Court receded from Cottle v. State, 733 So.2d 963 (Fla.1999) (concerning failure to convey a plea offer or misadvising defendant about possible sentence), and Morgan (extending Cottle to misadviee of counsel to reject a plea offer). Alcorn concerned a claim that counsel failed to inform the defendant of the maximum penalty he faced before he rejected a plea offer. Based on Lafler and Frye, the Florida Supreme Court held that now, to show prejudice when a defendant alleges counsel failed to correctly inform the defendant of the maximum penalty that he/she faced before rejecting the plea offer, the defendant must demonstrate a reasonable probability, sufficient to undermine confidence in the outcome, that the defendant would have accepted the offer had counsel advised the defendant correctly, the prosecutor would not have withdrawn the offer, the court would have accepted the offer, and the conviction or sentence yrould have been less severe than under the judgment and sentence that were imposed. Alcorn, 121 So.3d at 430.
We agree with Brown that his counsel’s conduct in allegedly telling him to call his office if he wished to accept the plea offer, but then neither taking nor returning his calls the next day, without telling him there was a deadline for accepting, may be tantamount to failing to communicate a plea offer. See Malespin, 873 So.2d at 596-97. We thus remand for an evidentiary hearing on this ground. If Brown’s allegations are found to be supported, the *513 Alcorn test must then be applied. In all other respects, we affirm.

Affirmed in part, Reversed in part, and Remanded.

TAYLOR and CIKLIN, JJ., concur.

. After the state had filed its response below, the Florida Supreme Court receded from Morgan in Alcorn v. State, 121 So.3d 419 (Fla.2013).