DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**DAVID MEARA,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-1491

[October 22, 2014]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Nineteenth Judicial Circuit, Okeechobee County; Sherwood Bauer, Judge; L.T. Case No. 472010CF000638B.

David J. Meara, Carrabelle, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Allen R. Geesey, Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

We affirm the trial court's summary denial of appellant's postconviction relief motion in which he alleged that his trial counsel was ineffective for failing to convey his acceptance of the state's plea offer. He has not met the requirements of *Alcorn v. State,* 121 So. 3d 419 (Fla. 2013).

In cases where a defendant is claiming ineffective assistance of counsel in failing to convey a plea offer,[1] *Alcorn* requires that the defendant show a reasonable probability, defined as a probability sufficient to undermine confidence in the outcome, that: (1) he would have accepted the offer; (2) the prosecutor would not have withdrawn the offer; (3) the court would have accepted the offer; and (4) the conviction or sentence would have been less severe than what was imposed. 121 So. 3d at 430. Appellant's motion

---

[1] We equate the failure to convey the acceptance of the plea offer to the state as "tantamount to failing to communicate a plea offer" to the defendant. *See Brown v. State,* 138 So. 3d 510, 512 (Fla. 4th DCA 2014).

does not show a reasonable probability that the prosecutor would not have withdrawn the offer had counsel immediately conveyed appellant's acceptance of it. It is clear from his own motion that the prosecutor was negotiating to obtain testimony against appellant's co-defendants in exchange for a more lenient sentence. When the prosecutor obtained an agreement with a defendant in an unrelated case to testify against the appellant *and* his co-defendants in this case, he withdrew the offer to appellant. The state may withdraw its offer at any time prior to acceptance by the court. *See* Fla. R. Crim P. 3.172(g). These circumstances do not show a reasonable probability that the state would have maintained its offer when it no longer needed the testimony of appellant.

Appellant also contends that trial counsel was ineffective for failing to request a downward departure sentence and to present mitigating evidence to support it. The trial court properly rejected this claim, as the court was presented with all of the mitigating evidence in support of appellant's request for a youthful offender sentence. The sentencing judge rejected it for that purpose, and appellant cannot show that there was any reasonable probability that the judge would have then downwardly departed based upon the same reasons.

*Affirmed.*

GROSS and CONNER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2