# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-1477
_____

CHRISTINE M. MCCRAY,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Alachua County.
William E. Davis, Judge.

March 7, 2019

BILBREY, J.

Christine McCray appeals the order denying her motion under rule 3.850, Florida Rules of Criminal Procedure, to vacate the judgment and sentence entered following her no contest plea. Appellant asserts that the circuit court erroneously denied her motion which claimed ineffective assistance of defense counsel in connection with her open plea and the sentence ultimately imposed. Upon review of the evidence adduced at the hearing on the postconviction motion, the order on appeal is affirmed.

When a postconviction movant seeks relief due to alleged ineffective assistance of counsel, she must establish "counsel's performance was deficient," and "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668,

687 (1984). We review the postconviction court's ruling after an evidentiary hearing under a mixed standard, as stated in *Wickham v. State*, 124 So. 3d 841, 858 (Fla. 2013), "[b]ecause both prongs of the *Strickland* test present mixed questions of law and fact, this Court employs a mixed standard of review, deferring to the circuit court's factual findings as long as they are supported by competent, substantial evidence and reviewing the legal conclusions de novo."

Appellant asserted that defense counsel was ineffective during plea negotiations with the State because counsel allegedly led her to believe that if she rejected the State's plea offers, she would receive a sentence which did not include any incarceration. Both of the State's plea offers included 364 days of jail time to be followed by probation. Appellant rejected the State's offers and instead entered an open plea. Appellant's open plea resulted in a sentence of six years' incarceration followed by a total of fourteen years of probation.

The testimony at the hearing on Appellant's postconviction motion by both Appellant and her former defense counsel established that Appellant was informed and was well aware of the twenty-year maximum sentence she faced. In addition, the testimony of both Appellant and defense counsel was that counsel had communicated the two plea offers from the State to Appellant. Accordingly, this was not a case where defense counsel failed to inform Appellant of her sentence exposure or failed to communicate a plea offer.

A claim of ineffective assistance of counsel is cognizable upon an allegation that counsel affirmatively advised the defendant to reject a plea offer based on misinformation, which causes the defendant to decline an offer he or she would have accepted if properly advised. *See Lafler v. Cooper*, 566 U.S. 156, 163 (2012) ("[C]ounsel was deficient when he advised [defendant] to reject the plea offer on grounds he could not be convicted at trial."). However, to establish that defense counsel's performance was deficient, as required by *Strickland*, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate

2

the conduct from counsel's perspective at the time." *Id.* at 689. In addition, "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691.

The evidence presented at the hearing was that Appellant consistently informed counsel she did not want to serve any jail time. Appellant testified that her rejection of the State's offers was based on her counsel's representation that a new judge would soon be assigned to her case and that this judge "would not send me to prison because he believes in giving people second chances." However, defense counsel testified that Appellant rejected both offers from the State based on the jail time required. Defense counsel denied advising Appellant to reject the offers. Counsel testified that he informed Appellant that if she did not want to accept the plea offers, she could enter an open plea but that the sentence could be "anything within the legal range, including the maximum."

The postconviction court evaluated the credibility of the witnesses and weighed the evidence to conclude that Appellant rejected the State's plea offers, despite knowing that she faced the possibility of a twenty-year sentence, "because she wanted the opportunity to seek a sentence without any incarceration." Our review of the transcript of the evidentiary hearing confirms that the circuit court's denial of postconviction relief is supported by competent, substantial evidence that counsel's performance was not deficient. Rather than demonstrating ineffective assistance of defense counsel, "[t]he record paints a picture of a defendant who rolled the dice and lost." *Santos v. State*, 125 So. 3d 962, 964 (Fla. 4th DCA 2013). Any harm to the Appellant was based not upon any misadvice by defense counsel, but upon her own wish to avoid incarceration. We affirm the denial of postconviction relief on the other claims raised in Appellant's motion without comment.

AFFIRMED.

B.L. THOMAS, C.J., and JAY, J., concur.

———————————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————————

Christine M. McCray, pro se, Appellant.

Ashley B. Moody, Attorney General, and Tabitha Herrera, Assistant Attorney General, Tallahassee, for Appellee.