[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13193
Non-Argument Calendar

_____

D.C. Docket No. 3:16-cv-01042-BJD-PDB

JAMES H. GRIFFIN,

Petitioner - Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
FLORIDA ATTORNEY GENERAL,

Respondents - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 6, 2019)

Before WILSON, BRANCH, and HULL, Circuit Judges.

PER CURIAM:

Florida prisoner James Griffin seeks a writ of habeas corpus based on his claim that his counsel was ineffective for failing to seek a downward departure based on sentencing manipulation by the police. For the reasons that follow, we affirm the district court's denial of habeas relief.

In 2011, Griffin pleaded guilty to three counts of the sale or delivery of cocaine, Fla. Stat. § 893.13(1)(a)(1). According to the factual proffer, undercover officers approached Griffin and asked if he had any crack cocaine. He answered that he had to cook some up, asked them for a ride, and then sold them $60 of crack cocaine. The next day, one of the officers called Griffin and bought $100 of crack cocaine from him. A week later, Griffin called the officer and sold him $50 of crack cocaine. All three transactions were video- and audio-recorded.

Based on these three convictions and Griffin's history that included convictions and arrests for drug dealing, robbery, and domestic batteries, his lowest permissible sentence was 35.55 months, and the statutory maximum was 45 years.[1] After Griffin rejected the State's offer of a 10-year sentence, the State filed notice of its intent to classify Griffin as a habitual felony offender.[2] At Griffin's sentencing hearing, the State requested a sentence of 20 to 30 years' imprisonment

---

[1] Sale of cocaine is a second-degree felony, Fla. Stat. §§ 893.13(1)(a)(1), 893.03(2)(a)(4), that carries a statutory maximum sentence of 15 years. *Id.* § 775.082(3)(d).

[2] As a habitual felony offender, Fla. Stat. § 775.084(1)(a), Griffin would stand to receive a sentence of up to 30 years on each count, for a total of 90 years. *Id.* § 775.084(4)(a)(2).

2

in light of Griffin's extensive criminal history.  Griffin's counsel argued for a 36-month sentence, in light of the State's earlier offer, the small amount of cocaine involved, and Griffin's acceptance of responsibility.

The court imposed a total sentence of 20 years' imprisonment: 15 years each on Counts One and Two, to run concurrently, and 5 years on Count Three, to run consecutively.  However, the court did not sentence Griffin as a habitual felony offender. It explained that although Griffin had been in trouble with the law his entire adult life, he had never served a sentence longer than 30 months.  The court expressed its hope that a long sentence would protect the public and help Griffin to realize that he needed to give up the life of a drug dealer.

After unsuccessfully pursuing state postconviction relief, Fla. R. Crim. P. 3.850, Griffin filed *pro se* this petition for a writ of habeas corpus, 28 U.S.C. § 2254, raising 13 issues.  The district court denied his petition in full.  Our Court granted Griffin a certificate of appealability only on the following issue:

> Whether the district court erred in denying Griffin's 28 U.S.C. § 2254 petition where Griffin's counsel failed to request that the sentencing court downwardly depart based on sentencing manipulation because the undercover officers had sufficient audio and visual evidence to prosecute Griffin after the first of three drug purchases.

We review the district court's denial of a § 2254 petition *de novo*. *Reed v. Sec'y, Fla. Dep't of Corr.*, 593 F.3d 1217, 1239 (11th Cir. 2010). Our evaluation of the state court proceedings, however, is circumscribed by the Antiterrorism and

3

Effective Death Penalty Act of 1996 ("AEDPA"). We may grant habeas relief only if the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Thus, our review of the state court's decision is deferential. *Reed*, 593 F.3d at 1239. Indeed, it is so "highly deferential" that it gives the state court's decision the "benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997), and *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002)).

To prevail upon a § 2254 claim of ineffective assistance of counsel, Griffin needed to establish both that his counsel's performance was deficient, and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Because the state court here focused mainly on the prejudice prong, we will do likewise. Prejudice occurs when there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011). To merit habeas relief under AEDPA, Griffin must establish that

the state court's decision about prejudice was contrary to, or an unreasonable application of, *Strickland*. *See id.* at 101.

Florida courts have held that the kind of sentence manipulation Griffin here alleges may be a permissible basis for a downward departure from the lowest permissible sentence. *State v. Steadman*, 827 So. 2d 1022, 1025 (Fla. 3d Dist. Ct. App. 2002). To establish prejudice from counsel's failure to request a downward departure, however, a defendant must show that there was a reasonable probability that the sentencing court would have granted the downward departure. *See Meara v. State*, 154 So. 3d 368, 370 (Fla. 4th Dist. Ct. App. 2014). Here, the state court found, in denying Griffin's Rule 3.850 motion, that "there was no evidence in the record to support such a downward departure. Specifically, no evidence was presented regarding the officers' intent behind the three drug purchases." Thus, it concluded that there was no reasonable probability that the court would have imposed the downward-departure sentence.

Griffin has not established that the state court's conclusion was an unreasonable application of *Strickland*. A downward departure for sentence manipulation may be appropriate only when "law enforcement allows a defendant to continue criminal activities for no reason other than to enhance his or her sentence." *Steadman*, 827 So. 2d at 1025. Although Griffin asserts in his briefing that such was the case and asks us to give him the benefit of the doubt, AEDPA

demands that we instead give the state court the benefit of the doubt. *Lett*, 559 U.S. at 773. Our "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). The silent record here does not support Griffin's contention that the law enforcement officers allowed him to continue his criminal activities only to further enhance his sentence.

Although we have construed the arguments in his *pro se* briefs liberally, *see White v. Butterworth*, 70 F.3d 573, 574 (11th Cir. 1995), we conclude that Griffin has not overcome AEDPA's high bar of deference to the state courts. Even if there were some evidence to support Griffin's contention that no legitimate law-enforcement reasons justified the police conduct here, we see no reasonable probability that the sentencing court would have been inclined to impose a sentence below the lowest permissible of 35.55 months. Such a departure remained entirely within the discretion of the sentencing court. *See Steadman*, 827 So. 2d at 1025. Here, the sentencing court commented that it was "very disturbed" by Griffin's extensive, recidivist history of drug dealing that a previous 30-month sentence had failed to deter. Thus, the sentencing court explained that it was "long past time" that Griffin receive a long sentence that would "wake [him] up" to the consequences of a life of crime. In view of this inclination of the sentencing court, we find it barely conceivable that the court would have given a sentence of less

than 35.55 months. Because Griffin has not shown that "[t]he likelihood of a different result [was] substantial, not just conceivable," *Richter*, 562 U.S. at 112, the state court's denial of Griffin's speculative claim was not an unreasonable application of *Strickland*.

The denial of Griffin's § 2254 petition is

**AFFIRMED.**