NORTHCUTT, Judge.
Montuelle Wright appeals the summary denial of his motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850, in which he raised twenty-one grounds for relief. We reverse and remand for further proceedings on ground twenty-one only and affirm without comment on all other grounds.
On February 18, 2008, Wright was convicted of lewd or lascivious battery, a second-degree felony, and sentenced to fifteen years’ imprisonment as a prison releasee reoffender (PRR). Specifically, Wright was alleged to have engaged in consensual sexual intercourse with a girl between the ages of twelve and sixteen. A key piece of evidence at trial was Wright’s own recorded post-Miranda[1] admission to these events.
In ground twenty-one, Wright alleged that his counsel was ineffective for advising him to reject a favorable plea offer based on inaccurate assurances that a motion to suppress his confession would be granted. In addition, he alleged that his counsel informed him that she had recently won a case similar to his.
The postconviction court denied this claim, finding that counsel’s assertion that there was a substantial possibility that Wright would receive a favorable ruling on a motion does not translate into misadvice simply because the motion was unsuccessful. Indeed, in Morgan v. State, 991 So.2d 835 (Fla.2008), the supreme court held that the defendant’s allegation that he rejected a plea offer at trial counsel’s urging based on counsel’s incorrect assertion that the defendant would prevail at trial was not in itself sufficient to establish a basis for postconviction relief. The court ruled that the defendant must allege some specific deficiency on the part of counsel, e.g., that counsel’s assessment of the chances of success at trial was unreasonable under the facts and circumstances of the case, or that counsel had not investigated or otherwise was not familiar with the case. Id. at 841. Furthermore, Wright failed to provide any details regarding the allegedly foregone plea offer, which is required as part of the prejudice analysis in claims such as these.[2] Id. at 839-40 (citing Cottle v. State, 733 So.2d 963, 967 (Fla.1999)).
*45 Because ground twenty-one amounts to a facially insufficient attempt at an otherwise cognizable claim, see Gomez v. State, 832 So.2d 798, 794 (Fla. 3d DCA 2002), we must reverse the summary denial on this ground only. On remand, the postconviction court shall strike ground twenty-one with leave to amend to file a facially sufficient motion within a reasonable time. See Spera v. State, 971 So.2d 754, 761 (Fla. 2007).
Affirmed in part; reversed in part; and remanded.
KELLY and CRENSHAW, JJ„ Concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. The United States Supreme Court has recently issued two decisions that further clarify and develop the pleading requirements in these types of claims. See Missouri v. Frye, - U.S. -, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012); Lafler v. Cooper, - U.S. -, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012).