WALLACE, Judge.
Larry Boyers challenges the order of the postconviction court summarily denying his motion filed in accordance with Florida Rule of Criminal Procedure 3.850. We reverse the order to the extent that it denied the claim raised in ground one wherein Mr. Boyers alleged that counsel was ineffective for advising him to reject a favorable plea offer. We affirm the order without comment to the extent that it denied the remaining claims alleged in the motion.
Mr. Boyers was convicted after jury trial of attempted second-degree murder of a law enforcement officer with a firearm and was sentenced to a twenty-year mandatory minimum prison sentence under section 775.087(2)(a)(2), Florida Statutes (2006). The transcript of a pretrial hearing that was attached to the postconviction court’s order establishes that the State offered to allow Mr. Boyers to plead to the lesser-included offense of aggravated assault on a law enforcement officer with the stipulation that he be sentenced to a ten-year mandatory minimum prison term under section 775.087(2)(a)(l). The trial court advised Mr. Boyers that it was his last opportunity to accept the State’s offer. Mr. Boyers alleged that he rejected the plea based on counsel’s assurance that if he proceeded to trial, Mr. Boyers would ultimately obtain a lesser sentence than the ten-year mandatory minimum prison sentence offered by the State, but that he in fact received a greater sentence following his conviction at trial. Mr. Boyers alleged further that but for counsel’s deficient performance, he would have accepted the plea offer.[1]
An allegation that counsel was ineffective in advising a defendant to reject a plea offer premised on assurances that a *1232 trial would produce a more favorable result can be the basis of a cognizable rule 3.850 claim where the result is ultimately less favorable and the defendant alleges that he would have accepted the plea had he been properly advised. Morgan v. State, 991 So.2d 835, 841 (Fla.2008); Wright v. State, — So.3d- (Fla. 2d DCA 2012). However, Mr. Boyers’ claim is facially insufficient because he failed to allege a specific deficiency on the part of counsel, such as an assertion that counsel’s assessment of the chances of success at trial was unreasonable under the facts and circumstances of the case or .that counsel had not investigated or was otherwise unfamiliar with the case.[2] See Morgan, 991 So.2d at 841; Wright, — So.3d-.
Because Mr. Boyers presented a cognizable but facially insufficient claim of ineffective assistance of counsel based on counsel’s advice to reject a plea offer, we reverse the postconviction court’s order to the extent that it denied the claim presented in ground one of the motion. On remand, the postconviction court shall strike this claim with leave to amend to file a facially sufficient claim within a reasonable time. See Spera v. State, 971 So.2d 754, 761 (Fla.2007). In all other respects, we affirm the postconviction court’s order.
Affirmed in part, reversed in part, and remanded.
KHOUZAM and CRENSHAW, JJ., Concur.

. Mr. Boyers’ allegation that counsel failed to advise him that, as part of the plea negotiations, the charged offense would be reduced to aggravated assault of a law enforcement *1232 officer is conclusively refuted by the transcript of the pretrial hearing. Furthermore, Mr. Boyers’ allegation that the psychotropic medications he was taking reduced his ability to make an informed choice regarding the plea offer which he rejected is not a cognizable rule 3.850 claim.

. To state a facially sufficient claim, such an assertion must be factually specific, and a conclusory allegation that counsel’s assessment of the chances of success at trial was unreasonable or that counsel failed to properly investigate would not suffice.