NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

WILLIAM LAWRENSON,                )
                                  )
            Appellant,            )
                                  )
v.                                )       Case No.  2D13-1937
                                  )
STATE OF FLORIDA,                 )
                                  )
            Appellee.             )
_____ )

Opinion filed July 23, 2014.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Polk County; John Radabaugh, Judge.


William Lawrenson, pro se.

NORTHCUTT, Judge.

            William Lawrenson appeals the summary denial of his motion for

postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850.  We reverse

the denial of ground four but affirm the denial of Lawrenson's other claims without

comment.

            Lawrenson was charged with sexual battery on a person less than twelve

years old and with lewd and lascivious molestation.  A jury convicted him of sexual

battery as charged and of battery as a lesser-included offense of lewd and lascivious

molestation. He was sentenced to life in prison for sexual battery and to time served for battery.

In his rule 3.850 motion, Lawrenson alleged that the State had extended a ten-year plea offer, but his trial counsel advised him to reject the offer, assuring Lawrenson that he would "destroy" the victim on cross-examination. The postconviction court ordered the State to respond to this claim and then adopted the response with little explanation.[1] In its response, the State correctly contended that Lawrenson's claim was facially insufficient for its failure to allege a specific deficiency on the part of counsel. See Morgan v. State, 991 So. 2d 835, 841 (Fla. 2008) ("Some specific deficiency on the part of counsel must be alleged. There is no allegation that counsel's assessment of the chances of success at trial was unreasonable under the facts and circumstances of this case or that counsel had not investigated or otherwise was not familiar with the case."), receded from on other grounds by Alcorn v. State, 121 So. 3d 419, 433 (Fla. 2013); Boyers v. State, 104 So. 3d 1230, 1231 (Fla. 2d DCA 2012). However, the State also argued that Lawrenson was not entitled to an opportunity to amend.

We disagree. A claim that counsel was ineffective for advising a defendant to reject a plea offer is cognizable in a motion for postconviction relief. See Boyers, 104 So. 3d at 1231. The law is settled that a defendant who files a facially insufficient rule 3.850 motion must be afforded at least one opportunity to cure the

---

[1]While adopting and incorporating the State's response is permissible, "we reiterate that the better practice is for the court to either attach those specific parts of the record that refute each claim or to discuss its rationale in its order." Barnes v. State, 38 So. 3d 218, 220 (Fla. 2d DCA 2010).

pleading deficiencies.  See Fla. R. Crim. P. 3.850(f)(3); see also Spera v. State, 971 So. 2d 754, 761-62 (Fla. 2007).

Accordingly, we reverse the denial of ground four and remand to the postconviction court with direction to grant Lawrenson sixty days' leave to amend.  See Fla. R. Crim. P. 3.850(f)(3).  In so doing, we caution that Lawrenson may amend this claim only to the extent that he can do so in good faith.

Affirmed in part, reversed in part, and remanded.


ALTENBERND and MORRIS, JJ., Concur.