PER CURIAM.
Matthew Lee Warren appeals the summary denial of all five grounds raised in his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm as to Grounds Two through Five. However, as the State properly concedes, because the waiver of rights and plea agreement attached to the trial court’s order does not conclusively refute Warren’s claim that counsel was ineffective for failing to move to suppress his pre-arrest statements to police, see Zanchez v. State, 84 So.3d 466, 468 (Fla. 2d DCA 2012) (holding general plea colloquy did not address specific issue of alleged illegal search), we reverse the summary denial of Ground One and remand for attachment of portions of the record refuting that claim or for an evidentiary hearing, see Freeman v. State, 761 So.2d 1055, 1061 (Fla.2000) (“[A] defendant is entitled to an evidentiary hearing on a postconviction relief motion unless (1) the motion, files, and records in the case conclusively show that the prisoner is entitled to no relief, or (2) the motion or a particular claim is legally insufficient.”).
AFFIRMED in part, REVERSED in part, and REMANDED.
SAWAYA, LAWSON and BERGER, JJ., concur.