PALMER, J.
Anthony Hogan (the defendant) appeals the trial court’s order summarily denying his rule 3.850 motion, alleging three claims of ineffective assistance of counsel. See Fla. R. Crim. P. 3.850. Only one claim merits discussion.
The defendant was charged with eight counts of lewd or lascivious battery.[1] The jury returned a verdict of guilty as charged on all counts. The trial court sentenced the defendant to concurrent terms of fifteen years’ imprisonment, which was a downward departure sentence. On direct appeal, this court affirmed the defendant’s convictions and *904 sentences. See Hogan v. State, 124 So.3d 242 (Fla. 5th DCA 2013).
Thereafter, the defendant timely filed the instant motion seeking post-conviction relief. In claim two of his motion, the defendant alleged trial counsel was ineffective for misadvising him against taking a six-year plea offer. The motion alleged the State offered the defendant a plea agreement on all pending felony charges in exchange for a term of six-years’ imprisonment followed by probation; the motion did not state the length of the probationary term. The motion also alleged that trial counsel advised the defendant that his motion to suppress statements he made to police would be granted because he was “Baker Acted”[2] immediately after making the statements. Additionally, the motion alleged that trial counsel told the defendant the victim would be a poor witness with credibility issues. In seeking post-conviction relief, the motion asserted that the defendant’s rejection of the State’s plea offer was based on counsel’s advice that his motion to suppress would be granted and that the victim was a poor witness. Specifically, the motion stated that trial counsel’s assessment of success was unreasonable under the facts and circumstances of the case.
The trial court denied the defendant’s motion, concluding that the defendant could not establish prejudice because he could not demonstrate that he would have agreed to accept the State’s plea offer, regardless of counsel’s advice. The court cited three potential plea agreements contained in the record and attached the transcripts of hearings where the agreements were discussed. The trial court erred in so ruling and should have ruled that the defendant’s claim was insufficiently pled.
In an ineffective assistance counsel motion, when a defendant claims he rejected a plea offer based on misadvice of counsel, he shows prejudice by alleging and proving “a reasonable probability, defined as a probability sufficient to undermine confidence in the outcome, that (1) he or she would have accepted the offer had counsel advised the defendant correctly, (2) the prosecutor would not have withdrawn the offer, (3) the court would have accepted the offer, and (4) the conviction or sentence, or both, under the offer’s terms would have been less severe than under the judgment and sentence that in fact were imposed.” Alcorn v. State, 121 So.3d 419, 430 (Fla.2013) (citing Missouri v. Frye, — U.S. —, 132 S.Ct. 1399, 1410, 182 L.Ed.2d 379 (2012)).
In his motion, the defendant did not sufficiently allege the details of the State’s plea offer. Instead, he simply stated that the proposed sentencing was six years in prison followed by probation; he did not allege how long the probation was to be. As such, it is not possible to analyze this offer under Alcorn because it is not possible to know whether the offer was less severe than the judgment and sentence ultimately imposed. See Wright v. State, 113 So.3d 43, 44 (Fla. 2d DCA 2012) (“Wright failed to provide any details regarding the allegedly foregone plea offer, which is required as part of the prejudice analysis in claims such as these.”).
The trial court held that the defendant could not show prejudice under the first prong of Alcorn because he rejected the State’s plea offer and the State rejected two offers made by defense counsel. First, the two offers made by defense counsel were not relevant to the analysis. *905 Second, as for the State’s offer, the State’s argument was that, since the defendant rejected an offer of five years in prison, he would necessarily have rejected an offer of six years in prison. But, that argument overlooks the fact that details concerning the six-year offer are missing. In this case, it simply cannot be concluded that the defendant would not have accepted the six-year offer because he had previously rejected a five-year offer. In addition, if the defendant rejected the five-year offer because of the same misadvice from counsel, that rejection does not prove that he would have rejected the six-year deal if properly advised by his counsel.
Because the defendant’s second claim was facially insufficient, the trial court should have struck claim two and provided the defendant with leave to amend the claim in a reasonable time period. See Wright, 113 So.3d at 45; Boyers v. State, 104 So.3d 1230, 1232 (Fla. 2d DCA 2012).
Accordingly, we affirm as to claims one and three, but reverse as to claim two, and remand for the trial court to strike claim two and give the defendant the opportunity to amend his motion.
AFFIRMED in part; REVERSED in part; and REMANDED.
ORFINGER and EDWARDS, JJ., concur.

. § 800.04(4)(a), Fla. Stat. (2009).

. The Baker Act authorizes involuntary commitment of persons based on mental illness. See § 394.451, Fla. Stat. (2013).