IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DYLAN HARRIS,

      Appellant,

 v.                                                                    Case No.  5D16-2888

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed December 2, 2016

3.850 Appeal from the Circuit
Court for Citrus County,
Richard A. Howard, Judge.

Dylan Harris, Chipley, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Marjorie Vincent-Tripp,
Assistant Attorney General, Daytona
Beach, for Appellee.

PALMER, J.

     Dylan Harris (the defendant) appeals the post-conviction court's order summarily

denying his motion for post-conviction relief. See Fla. R. App. P. 3.850. Because claim

two of the defendant's motion is sufficiently pled and not refuted by the record, we reverse

the summary denial of same.  We affirm in all other respects.

The defendant filed a rule 3.850 motion alleging, in claim 2, that counsel was ineffective for failing to inform him of a five-year plea offer. The motion alleged that, during the plea hearing, the defendant overheard a conversation between defense counsel and the prosecutor during which the prosecutor asked why the defendant never accepted the five-year plea offer. Additionally, the motion alleged that, had defense counsel presented the five-year offer to him, he would have accepted it, the State would not have withdrawn it, the post-conviction court would have accepted it, and the sentence under the offer's terms would have been less severe than the sentence actually imposed. See Alcorn v. State, 121 So. 3d 419 (Fla. 2013). The State filed a written response asserting that the prosecutor never made a five-year plea offer to defense counsel. Relying on the State's response, the post-conviction court summarily denied this claim.

The defendant argues that the post-conviction court erred in so ruling because the State's response failed to cite to any record support for the claim that no five-year offer had been made. We agree.

> "The standard of review of a summary denial of a rule 3.850 motion is de novo." Lebron v. State, 827 So. 3d 132, 133 (Fla. 5th DCA 2012) (citing McLin v. State, 827 So. 2d 948, 954 (Fla. 2002)). To uphold the summary denial, "the claims must be either facially invalid or conclusively refuted by the record." Peede v. State, 748 So. 2d 253,257 (Fla. 1999) (citing Fla. R. Crim. P. 3.850(d)); see also Freeman v. State, 761 So. 2d 1055, 1061 (Fla. 2002).

Hird v. State, 41 Fla. L. Weekly D1638 (Fla. 5th DCA July 15, 2016).

"Documents prepared to refute claims in a postconviction motion are not substitutes for an evidentiary hearing . . . ." Flores v. State, 662 So. 2d 1350, 1351–52 (Fla. 2d DCA 1995); see also Smalls v. State, 18 So. 3d 606 (Fla. 1st DCA 2009) (holding

that court impermissibly relied on photographs attached to the State's response, that were not part of the record, in summarily denying the post-conviction motion).

Accordingly, we reverse the summary denial of claim 2 and remand for the post-conviction court to either conduct an evidentiary hearing or attach portions of the record that conclusively refute the claim. See Warren v. State, 149 So. 3d 738, 738 (Fla. 5th DCA 2014) (reversing summary denial of post-conviction claim where attachments did not conclusively refute claim and remanding for attachments or evidentiary hearing).

AFFIRMED in part; REVERSED in part; REMANDED.

WALLIS and EDWARDS, JJ., concur.