PER CURIAM.
*234 Arthur M. Rish challenges the summary denial of his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. We affirm on all grounds except ground four, in which Rish alleged that his trial counsel was ineffective for advising him to reject the State's plea offer.
In ground four, Rish alleged that while his trial counsel properly conveyed a plea offer from the State, counsel misadvised him to reject the offer and failed to inform him that the State could seek to have him sentenced as an habitual felony offender ("HFO"). In summarily denying ground four, the trial court found that it was conclusively refuted by the record because Rish was advised at a hearing that the State was seeking to have him declared an HFO, the State's plea offer did not include one of Rish's charges, and the State withdrew the offer. We disagree and conclude that the record before us does not conclusively refute ground four.
Pursuant to Strickland v. Washington , 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to prevail on an ineffective assistance of counsel claim, Rish must establish both that his trial counsel's performance was deficient and that he was prejudiced by the deficient performance. The trial court's references to the State's post-offer request for an HFO designation and withdrawal of the offer do not refute the claim because prejudice must be determined upon a consideration of the circumstances at the time of the offer, not after the offer was rejected and withdrawn. See Armstrong v. State , 148 So.3d 124, 126 (Fla. 2d DCA 2014) ("In the context of ineffective assistance resulting in the rejection of a plea offer, '[p]rejudice ... is determined based upon a consideration of the circumstances as viewed at the time of the offer and what would have been done with proper and adequate advice.' " (quoting Alcorn v. State , 121 So.3d 419, 432 (Fla. 2013) ) ). Further, the change of plea and sentencing transcript attached to the court's order does not establish that the State's offer failed to include all of Rish's charges.
Notwithstanding our holding on the merits of the court's ruling, we conclude that ground four was insufficiently pled. Rish failed to allege a specific act or omission constituting deficient performance in that he did not assert that trial counsel's assessment of the case and assurances regarding his probable sentence constituted unreasonable or unsupported advice. See Boyers v. State , 104 So.3d 1230, 1232 (Fla. 2d DCA 2012) ("Mr. Boyers' claim is facially insufficient because he failed to allege a specific deficiency on the part of counsel, such as an assertion that counsel's assessment of the chances of success at trial was unreasonable under the facts and circumstances of the case or that counsel had not investigated or was otherwise unfamiliar with the case.").
In addition, Rish failed to allege prongs two and three under Alcorn v. State , 121 So.3d 419 (Fla. 2013). Under Alcorn , "to show prejudice, the defendant must demonstrate a reasonable probability, defined as a probability sufficient to undermine confidence in the outcome, that (1) he or she would have accepted the offer had counsel advised the defendant correctly, (2) the prosecutor would not have withdrawn *235 the offer, (3) the court would have accepted the offer, and (4) the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." 121 So.3d at 422.
Because ground four presented a cognizable but facially insufficient claim of ineffective assistance of counsel, we reverse the order as to that ground and remand for the trial court to strike this claim with leave to amend to file a facially sufficient claim within a reasonable time, if Rish can do so in good faith. See Spera v. State , 971 So.2d 754, 761-62 (Fla. 2007) (holding that upon filing legally insufficient rule 3.850 motion, defendant should be given leave to amend to correct pleading defect if pleading defect can be remedied by good faith amendment). In all other respects, we affirm.
AFFIRMED in part, REVERSED in part, and REMANDED.
ORFINGER, WALLIS, and SASSO, JJ., concur.