# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-0793
LT Case No. 2018-CF-000155-A

_____

CHRISTIAN GABRIEL REYES RIOS,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

3.850 Appeal from the Circuit Court for Seminole County.
Jessica J. Recksiedler, Judge.

Olivia M. Goodman, of O'Brien Hatfield, P.A., Tampa, for
Appellant.

Ashley Moody, Attorney General, Tallahassee, and Daniel P.
Caldwell, Assistant Attorney General, Daytona Beach, for
Appellee.

January 17, 2025

PER CURIAM.

    Appellant, Christian Gabriel Reyes Rios, appeals the
postconviction court's summary denial of his Florida Rule of
Criminal Procedure 3.850 motion, which raises eleven grounds for
relief based on ineffective assistance of counsel. We reverse the
portion of the postconviction court's order that summarily denied

grounds two, seven, eight, nine, and eleven. We further reverse as to part of ground one. In all other respects, we affirm.

"'The standard of review of a summary denial of a rule 3.850 motion is de novo.' To uphold the summary denial, 'the claims must be either facially invalid or conclusively refuted by the record.'" *Harris v. State*, 204 So. 3d 973, 974 (Fla. 5th DCA 2016) (citation omitted) (first quoting *Lebron v. State*, 100 So. 3d 132, 133 (Fla. 5th DCA 2012); and then quoting *Peede v. State*, 748 So. 2d 253, 257 (Fla. 1999)). As such, we review a summarily denied claim for legal sufficiency and to determine whether it is refuted by the record. *Scott v. State*, 350 So. 3d 430, 433 (Fla. 5th DCA 2022) (citing *Queen v. State*, 322 So. 3d 226, 227 n.1 (Fla. 5th DCA 2021)). However, "[a] defendant who has filed a legally insufficient rule 3.850 motion must be given at least one opportunity to correct the deficiency, unless it is apparent that the defect cannot be corrected." *Lamb v. State*, 202 So. 3d 118, 120 (Fla. 5th DCA 2016) (citing *Luckey v. State*, 979 So. 2d 353, 355 (Fla. 5th DCA 2008)).

We reverse the summary denial of grounds two, seven, eight, and nine, as these grounds are legally sufficient and unrefuted by the record. We remand for the postconviction court to address these grounds at an evidentiary hearing or to attach portions of the record conclusively showing Appellant is entitled to no relief. *See Scott v. State*, 350 So. 3d 430, 434 (Fla. 5th DCA 2022) (citing *O'Callaghan v. State*, 461 So. 2d 1354, 1355 (Fla. 1984)).

Additionally, we reverse that part of ground one regarding trial counsel's failure to address the confidential informant's alleged criminal history. However, because this portion of ground one presented a cognizable but insufficient claim, we remand for the postconviction court "to strike this claim with leave to amend to file a facially sufficient claim within a reasonable time, if [Appellant] can do so in good faith." *See Rish v. State*, 268 So. 3d 233, 235 (Fla. 5th DCA 2019) (citing *Spera v. State*, 971 So. 2d 754, 761–62 (Fla. 2007)). We affirm as to the remainder of ground one.

Finally, ground eleven alleged Appellant's trial counsel committed cumulative error. Because the postconviction court erred in summarily denying part of ground one and grounds two, seven, eight, and nine, we reverse and remand for the court to

reconsider Appellant's cumulative error claim after reassessing those grounds. *See Batista-Irizarry v. State*, 266 So. 3d 254, 257–58 (Fla. 5th DCA 2019).

AFFIRMED in part, REVERSED in part, and REMANDED with instructions.

JAY, SOUD, and KILBANE, JJ., concur.

———————————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————————