# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-2941
LT Case No. 2021-CF-350-A

_____

DOUGLAS M. WILLIAMS,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

3.850 Appeal from the Circuit Court for Sumter County.
Mary Pavloff Hatcher, Judge.

Douglas M. Williams, Bonifay, pro se.

James Uthmeier, Attorney General, Tallahassee, and Tabitha
Mills, Assistant Attorney General, Daytona Beach, for Appellee.

May 30, 2025

PER CURIAM.

    Douglas M. Williams ("Williams") appeals the summary
denial of his motion for postconviction relief filed under Florida
Rule of Criminal Procedure 3.850. We reverse and remand for an
evidentiary hearing to determine whether the trial court would
have imposed the same sentence had it been aware that an
incorrect scoresheet had been used to calculate the sentence and

that an incorrect amount of jail credit had been awarded, resulting in a sentence that was not a time-served sentence.

Williams was charged by amended information with aggravated battery with a deadly weapon on another inmate, but ultimately pleaded nolo contendere to the lesser charge of battery by a detained person. All parties were under the impression that Williams had over 35 months of credit—1,131 days—on the case, and according to the scoresheet, if the trial court imposed a 35-month sentence—the lowest permissible prison sentence—he would end up with a time-served sentence, which meant that the sentence would essentially have already expired. Later that same day, however, the parties realized that an offense Williams had not been convicted of had erroneously been included as a previous offense on the scoresheet. The State corrected the scoresheet, but no change in the sentence was made because all apparently assumed that Williams had enough jail credit to necessitate a time-served sentence. Nonetheless, still later that same day, the State filed a motion to correct, noting that the 1,131 days credit was not from that case, but rather from a completely different case. Instead, the correct amount of jail credit was 702 days. Despite all that, the State apparently believed that the 702 days would still result in a time-served sentence, stating, "[s]o we'll still be agreeing to a credit for time served, your Honor."

Williams later discovered that with the reduced credit, his sentence was no longer a time-served sentence. As a result, he filed a 3.800(a) motion, which was denied and affirmed on appeal, with Judge Makar noting in a special concurrence that the denial was without prejudice to the filing of a 3.850 motion. *See Williams v. State*, 389 So. 3d 541, 541 (Fla. 5th DCA 2024) (Makar, J., concurring in affirmance).

Williams then filed a 3.850 motion, but the postconviction court denied the motion concluding, in part, that "Defendant's scoresheet indicates the charge of Burglary of a Dwelling, which Defendant was found not guilty of, was in fact, deleted from the scoresheet. . . . Consequently, Defendant's claim is conclusively refuted by the record." Williams now appeals.

When a postconviction court considers allegations in a 3.850 motion, Florida law mandates an evidentiary hearing unless the

allegations are conclusively refuted by the record and "[i]f the denial is based on the records in the case, a copy of that portion of the files and records that conclusively shows that the defendant is entitled to no relief shall be attached to the final order." *See* Fla. R. Crim. P. 3.850(f)(5). "'The standard of review of a summary denial of a rule 3.850 motion is de novo.' To uphold the summary denial, 'the claims must be either facially invalid or conclusively refuted by the record.'" *Harris v. State*, 204 So. 3d 973, 974 (Fla. 5th DCA 2016) (citations omitted). As such, this court reviews a summarily denied claim for legal sufficiency and to determine whether it is refuted by the record. *Scott v. State*, 350 So. 3d 430, 433 (Fla. 5th DCA 2022) (citing *Queen v. State*, 322 So. 3d 226, 227 n.1 (Fla. 5th DCA 2021)).

Contrary to the standard under a 3.800(a) motion, which is whether the trial court *could* have imposed the same sentence, *see Brooks v. State*, 969 So. 2d 238, 243 (Fla. 2007), under a 3.850 motion, the test is whether the trial court *would* have imposed the same sentence. *See State v. Anderson*, 905 So. 2d 111, 118 (Fla. 2005); *see also Val v. State,* 741 So. 2d 1199, 1200 (Fla. 4th DCA 1999) (reversing for resentencing because the court could not "conclude with certainty that appellant's sentence would have been the same if the trial court had used a properly prepared scoresheet"); *Williams v. State*, 720 So. 2d 590, 591 (Fla. 2d DCA 1998) (remanding for resentencing with a corrected scoresheet because "it cannot be said that the same sentence would have been imposed absent the error we here correct"); *Annunziata v. State*, 697 So. 2d 997, 999 (Fla. 5th DCA 1997) (remanding "[b]ecause it does not appear beyond reasonable doubt that different sentences would not have been imposed had the correct score and range been presented to the trial court"); *Jenkins v. State*, 687 So. 2d 360, 361 (Fla. 4th DCA 1997) (holding that scoresheet error required reversal for resentencing because "we are unable to conclude that appellant's sentence would have been the same had the trial court utilized a correctly calculated scoresheet").

Here, it is clear that all parties believed Williams had over 35 months of jail credit when the 35-month sentence was imposed, and it is apparent that the calculation of 35 months was based on the inclusion of a conviction that all later agreed should not have been there, resulting in a sentence that does not appear to have

3

been what was intended. Thus, when Williams filed his 3.850 motion, the postconviction court should have conducted an evidentiary hearing to determine if the trial court—had it been aware that an incorrect scoresheet was used and that an incorrect amount of jail credit had been awarded—*would* still have imposed the same sentence. It seems clear, it would not have, but the postconviction court should have allowed an evidentiary hearing to confirm Williams' assertions. In this case, what the court attached as the record evidence—that being the scoresheets and the transcripts—do not "conclusively show[] that the defendant is entitled to no relief." *See* Fla. R. Crim. P. 3.850(f)(5).

Accordingly, we reverse and remand for an evidentiary hearing to determine whether the trial court *would* have imposed the same sentence had it been aware that an incorrect scoresheet had been used to calculate the sentence and that an incorrect amount of jail credit had been awarded resulting in a sentence that was not a time-served sentence. *See Jenkins v. State*, 687 So. 2d 360, 361 (Fla. 4th DCA 1997) (holding that scoresheet error required reversal for resentencing because "we are unable to conclude that appellant's sentence would have been the same had the trial court utilized a correctly calculated scoresheet").

REVERSED and REMANDED.

MAKAR, JAY, and MACIVER, JJ., concur.

––––––––––––––––––––––––

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

––––––––––––––––––––––––